### JIM FRANKLIN v. THE STATE.

#### No. 1289.   Decided March 17th, 1897.

**1.   Theft of Horse—Name of Owner—Variance.**

Where an indictment for horse theft alleged the name of the owner to be J. Alderete, and the proof showed it to belong to Josianca Alderete.   Held: No variance; the initial letter, in the Christian name proved, being the same as that in the indictment; the pronunciation of the name as "Hose," or "Jose," is immaterial.

**2.   Same—Falsity of Explanation of Possession—Circumstantial Evidence —Charge.**

On a trial for horse theft, it was not error for the court to charge, in effect, that the falsity of defendant's explanation of his possession could be shown by circumstantial evidence.

APPEAL from the District Court of Tom Green.   Tried below before Hon. J. W. TIMMINS.

Appeal from a conviction for horse theft; penalty, five years' imprisonment in the penitentiary.

Appellant and one W. Walling were jointly indicted for the theft of the animal, which was alleged to be the property of J. Alderete.   There was a severance granted, on the motion of defendant, Walling, and this appellant was alone placed upon trial.   In brief, the facts were that: Alderte missed his gray horse about September 1, 1896.   The horse was found in the possession of defendant in Bandera County on September 16, about 225 miles from the place where he was stolen.   Appellant was

seen in and around San Angelo about the time of the theft, and about the time of the theft disappeared. It also appears he owned a little mule, which was also found in his possession at the time of his arrest. While there is a slight discrepancy as to the brand on the stolen horse, as described by the party arresting appellant and the description given by the owner, yet it is made clear that the horse found in appellant's possession was the same identical one stolen from Alderete. When arrested, appellant was asked where he got the horse. He stated he traded for it or got it from a Mexican in trade.

Defendant's counsel asked the court to instruct the jury: "That the burden is upon the State to show that the horse alleged in the indictment to have been stolen from J. Alderete, was stolen from J. Alderete, and proof that the horse was stolen from Hoseanca Alderete or Joe Alderete will not warrant a conviction in this case without further proof that J. Alderete and Hoseanca or Joe Alderete were one and the same person."

*J. W. Hill.* for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.—1. The charge of the court in reference to the explanation is proper under the evidence　Recent possession of stolen property is not only presumptive evidence of guilt, but when such possession is not satisfactorily explained the presumption of guilt based thereon will warrant and sustain a conviction　Roberts v. State, 17 Tex. Crim. App., 82; McNair v. State, 14 Tex. Crim. App., 78.　Before a presumption of guilt arising from recent possession is rebutted and the State required to show the falsity of the explanation, such explanation must not only be natural and reasonable, but it must also be probably true.　Therefore, when the explanation comes up to this standard, it then devolves on the State to show the falsity thereof.　This can be done, however, by circumstances as well as by positive proof; and it is not error for the court to so instruct the jury　This is virtually the effect of the charge complained of.

2　The trial court instructed the jury to disregard the statements made by the sheriff to Alderte concerning his belief as to who stole his horse. Appellant did not prepare or request a written instruction telling the jury not to consider said testimony for any purpose, but asks a reversal solely on the ground that the statement was made.　If this rule should be adopted it would place the destiny of every case within the power of any witness who might see fit to make a statement not admissible, whether by the permission of the court or not.　The statement complained of does not appear to have been in response to any question asked by either counsel or the court, but was unsolicited and voluntary on the part of the witness.　The jury are only authorized to consider such testimony as may be admitted under the rulings and directions of the court.　This testimony was not so admitted, but on the contrary, was by the court expressly excluded from the consideration of the jury. To indulge the presumption that the jury considered the statement in

disregard of their oaths and in disregard of the instruction of the court, would be to reverse the universal rules in such matters.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of a horse, and appeals. The indictment charged that the horse belonged to J. Alderete. The proof shows that the property belonged to Josianca Alderete. The indictment is supported by the proof. The initial of the first or given name of the owner of the property or person injured is sufficient in the indictment (the surname being given). Under such an indictment, proof of the initial of the given name can be made—that is, whether the name was John, James, or Josianca—and there would be no variance. We have examined the charge of the court carefully, and think it correct. It applies the law applicable to the case, and especially to the defense. There was no error in the charge of the court to the effect that the explanation of the defendant as to his possession of the stolen property could be shown to be false by circumstantial evidence. There was no objection to this, nor additional instructions requested. The proof in this case showed that the horse was taken from Josianca Alderete; hence the special instructions pertaining to this matter were properly refused. The pronunciation of the owner's name is not material. We find no error in this judgment, and it is affirmed.

*Affirmed.*