## LIGE HALL v. THE STATE.

### No. 1927. Decided January 24, 1900.

**1. Sunday Law—Sale by Agent—Indictment.**

An indictment against an agent for violation of the Sunday law which charges that defendant was the agent of a merchant, etc., and as such did unlawfully and willfully open and keep open the store for the purposes of traffic, etc., and did then and there barter and sell to one C. W. whisky, is sufficient. Following Brown v. State, 44 Southwestern Reporter, 176.

**2. Same—Evidence Sufficient.**

See opinion for evidence held sufficient for conviction for violation of the Sunday law by an agent of one F., a merchant, in the sale of whisky, though F. testified that defendant was not his agent.

APPEAL from the County Court of Ellis. Tried below before Hon. L. E. LANCASTER, County Judge.

Appeal from a conviction for violation of the Sunday law; penalty, a fine of $20.

No statement necessary.

*Charles A. Pippen,* for appellant.—The indictment is radically defective in that it fails to charge that defendant as agent and employe of John Faulkner kept the said Faulkner's place of business open for the purpose of traffic, etc.

The evidence is insufficient, as there was no proof direct or circumstantial to show defendant was the agent or employe of Faulkner, the merchant.

*Rob't A. John,* Assistant Attorney-General, for the State, as to sufficiency of the indictment, cited: Brown v. State, 44 S. W. Rep., 176. As to sufficiency of the evidence he cited: Black on Intox. Liq., sec. 372; Commonwealth v. Williams, 85 and 86 Mass., 587.

BROOKS, JUDGE.—Appellant was convicted for violating the Sunday law, and his punishment assessed at a fine of $20. The charging part of the indictment is as follows: "That Lige Hall, who was then and there the agent and employe of John Faulkner, who was then and there a merchant and a grocer and a dealer in goods, wares, and merchandise, and as such agent and employe he, the said Lige Hall, did then and there unlawfully and willfully open and permit his store and place of business to be open for the purpose of traffic, and did then and there sell and barter to Cap Wilson certain goods, wares, merchandise, and articles of trade, to wit, whisky," etc. A similar indictment was approved in Brown v. State (Texas Criminal Appeals), 44 Southwestern Reporter, 176.

Appellant complains that the evidence is insufficient to sustain the verdict, and that the verdict is contrary to the law and the evidence. In his brief, under this assignment appellant strenuously insists the agency of appellant is not proved; that is, the indictment charges

appellant with being the agent and employe of John Faulkner, and in fact he was no such agent. Without rehearsing the evidence, the facts show appellant was behind the bar when prosecutor entered and gave him 25 cents for a half pint of whisky, which appellant delivered to him; that there were other people in the house; and that it was on Sunday. It is true Faulkner swears he was was. not his agent, but the jurors were the judges of the credibility of the witnesses, and of the facts and circumstances proved. We think they were warranted, under the facts, in finding appellant was the agent of John Faulkner. No error appearing in the record, the judgment is affirmed.

*Affirmed.*