## JOE GOLD v. THE STATE.

### No. 4542. Decided October 2, 1917.

**1.—Theft of Cattle—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to sustain the conviction, there is no reversible error. Following Hall v. State, 41 Texas Crim. Rep., 423, and other cases.

**2.—Same—Recent Possession—Declarations of Defendant—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft of cattle, there was evidence as to defendant's possession, and his declaration with reference thereto, the court properly submitted the issue, and charged the jury that the falsity of defendant's statement could be shown by circumstantial evidence, there was no reversible error. Following Barfield v. State, 41 Texas Crim. Rep., 19, and other cases.

Appeal from the District Court of Lavaca. Tried below before the Hon. M. Kennon.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bagby & Schwartz,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—From a conviction of theft of cattle and punishment assessed at two years confinement in the penitentiary, this appeal is prosecuted.

The evidence shows that John Roberts missed his milk cow, and that a few days thereafter the carcass of the cow was found in a pasture under the control of appellant and his father. The carcass was sufficiently identified as that of the cow lost by Roberts. The animal had

been shot in the head with a ball from a .22 caliber firearm. The appellant, some days after the carcass was found, stated to witnesses that it was his cow; that she was about to die and that he had killed her, without stating by what means he killed her. At the time the carcass was found it was in the brush, and brush had been cut and piled over it as though to hide it. Appellant, when accused of the theft, admitted that he had skinned the animal and sold the hide, but denied killing it. The hide, when sold, was declared by a witness to have been that of a butchered animal and not that of a fallen animal. Appellant was shown to possess a .22 caliber rifle.

We regard the evidence as sufficient to justify the jury in concluding that the carcass found was that of the cow alleged to have been stolen and that appellant had killed it; and upon the authority of Hall v. State, 41 Texas Crim. Rep., 423; Coombes v. State, 17 Texas Crim. App., 258; Stegall v. State, 32 Texas Crim. Rep., 100, and other cases listed in Vernon's P. C., p. 832, note 19, that the circumstances were such as to justify the finding that the killing of the animal had the requisite elements of the crime of theft as defined in our statutes. Vernon's P. C., arts. 1329 and 1331, and cases there cited.

The court instructed the jury in appropriate language that appellant's statement that he had not killed the animal, in connection with his statement, when accused, that he had taken the hide, would entitle to an acquittal unless proved untrue by the State. In connection with this instruction the court used the following language: "But, in this connection, you are instructed that the State is not bound to prove the falsity of such statements or declarations by positive testimony, but the same may be shown to be false by circumstantial evidence." Exception was reserved to the part of the charge quoted and to the refusal of a special charge which appellant requested the court to give in lieu of the part of the main charge quoted. The requested charge was an instruction that the State was not bound to prove its case by positive testimony but that it might be established by circumstantial evidence, and that any portion of the defense might be shown to be untrue by either positive or circumstantial evidence. In the Barfield case, 41 Texas Crim. Rep., 20, a criticism of the charge, which was practically the same as that complained of here, was considered and disposed of in the following language: "Complaint is made of the court's charge, wherein the jury were instructed that the statements made by defendant with reference to when he got the horse might be proved untrue by circumstantial evidence is sufficient to satisfy the minds of the jury, etc. We think this fact could be proved by circumstantial evidence, and, therefore, do not think the court's charge was erroneous. Wharton's Crim. Ev., secs. 10, 11; Franklin v. State, 37 Texas Crim. Rep., 312. Furthermore, we think the evidence authorized the court to give the charge."

After examination of all the matters assigned our conclusion is,

there is no reversible error pointed out and that the judgment of the lower court should be affirmed and it is so ordered.

*Affirmed.*