# Allen *v.* The State.

## *Indictment for Rape.*

1. *Complaint of prosecutrix; impeaching witness by proof of contradictory statements.*—On a prosecution for rape, the mother of the prosecutrix having testified that her daughter complained to her immediately after the commission of the offense, the defendant has a right to elicit the particulars of the complaint; and he may impeach the witness, a proper predicate having been laid, by proof of prior contradictory statements out of court.

2. *Charge as to testimony of defendant.*—Where the defendant has testified in his own behalf, a charge instructing the jury that, in considering what weight they will give to his statements, ' it is their duty to remember that he is the defendant, and interested in the result of the verdict: and they may, for this reason, if they think it sufficient, entirely disregard his statement, if it is in conflict with the other evidence,'' is erroneous, and ground of reversal.

3. *Consent implied from conduct.*—Although the prosecutrix may not have consented in fact, yet, if her conduct towards the defendant, at the time of the alleged rape, was such as to create in his mind an honest and reasonable belief that she had consented, or was willing for him to have connection with her, a conviction should not be had; and the court should so instruct the jury, on request.

FROM the Circuit Court of Russell.

Tried before the Hon. JESSE M. CARMICHAEL.

The defendant is this case, Isham Allen, a freedman, was indicted for committing a rape on Annie Capers, a negro girl about sixteen years old; was convicted under the charge of the court, and sentenced to the pentitentiary for life. On the trial, as appears from the bill of exceptions, the prose-

[Allen v. The State.]

cutrix testified to the commission of the offense by the defendant, stating time, place, and circumstances; while the defendant, testifying in his own behalf, admitted that he had connection with her at the time and place named, but said that it was with her consent, and that he had had connection with her before. Aggie Capers, the mother of the prosecutrix, was examined as a witness for the State, and testified that the prosecutrix, immediately on her return home, had complained to her that the defendant "had ravished her;" and that she, witness, then went to the house of Capt. Glenn, on the same evening, and talked with him about it. The defendant then asked her, "if she did not then tell Capt. Glenn that Annie said, 'Isham tried to rape her, but did not do it, because she called some one and stopped him'; to which she replied, that she did not tell Capt. Glenn this." Capt. Glenn was afterwards introduced as a witness by the defendant, and was asked if, on the evening of the alleged rape, when the mother of the prosecutrix came to see him, "she did not tell him that Annie said, 'Isham tried to rape her, but did not do it, because she called some one and stopped him';" to which question the court sustained an objection, and the defendant excepted.

The court gave the following charge to the jury, on request of the solicitor: "In considering the statement made on oath by the defendant, and what weight they may give to it, it is the duty of the jury to remember that he is the defendant, and interested in the result of the verdict; and they may, for this reason, if they think it sufficient, entirely disregard his said statement, if it is in conflict with the other evidence in the case." The defendant excepted to this charge, and also to the refusal of the following charge, which was asked by him in writing: "(3.) If the jury believe from the evidence that the conduct of the prosecutrix towards the defendant, at the time of the alleged rape, was such as to create in the mind of the defendant an honest and reasonable belief that she consented, or was willing for him to have connection with her, they must acquit the defendant."

JOHN V. SMITH, for appellant, cited *Griffin v. State*, 76 Ala. 29; *Barnett v. State*, 83 Ala. 40; *Williams v. State*, 74 Ala. 18; *McQuirk v. State*, 84 Ala. 435.

W. L. MARTIN, Attorney-General, for the State, cited 2 Brick. Digest, 548, § 117.

[Allen v. The State.]

McCLELLAN, J.—1. The defendant had the right to elicit from the witness Aggie Capers the particulars of the complaint made to her by the prosecutrix.—*Griffin v. State,* 76 Ala. 29; *Scott v. State,* 48 Ala. 420; *Barnett v. State,* 83 Ala. 40. This evidence was material, therefore; and it was competent to impeach the witness, by showing that she had stated these particulars out of court to be other than those to which she testified on the trial. This was proposed to be done by asking the witness Glenn, whether Aggie had not told him that the prosecutrix complained to her that the defendant had tried to rape her, but had not succeeded, a sufficient predicate having been laid for impeachment in this case; and the refusal of the court to allow this question to be put and answered was erroneous.

2. It is unquestionably the duty of the jury to bear in mind, in reaching their conclusions on the evidence, every circumstance properly brought to their attention, affecting the credibility of witnesses who have deposed before them. The fact that a witness is a party to the suit, and interested in the result to be worked out by the verdict, is, both in civil and criminal cases, such a circumstance, and should, therefore, be remembered by them in their deliberations. It is also clearly within the power and right of the jury, to wholly disbelieve and discard the testimony of any witness, whether a party in interest or to the record or not; but this they are not authorized to do arbitrarily and capriciously, in any case, or with respect to any witness. Certainly the one isolated fact of interest, however great, on the part of the witness, can not be affirmed, as a matter of law, to authorize the jury to disregard his testimony. Nor, even when to interest is added a conflict between the evidence of such witness and other evidence in the case, does it follow that he is not entitled to credence. It would be entirely competent for the jury to accord credibility to such testimony, and reach the conclusion to which it pointed, notwithstanding its infirmities, both of interest and contradiction, as there might be overbalancing infirmity in the conflicting testimony. The charge given at the request of the State was violative of these well-settled principles. It authorized the utter disregard of the defendant's testimony, for the two reasons alone, that he was the defendant, and that he was contradicted by other witnesses, although, notwithstanding both these facts, the jury might still have believed him. The court should not have gone further in this connection, than

[Ex parte Pierce ]

to instruct the jury that, in determining the weight they would give to the defendant's testimony, they should consider—along with all other circumstances having any bearing on the matter—the fact that he was the defendant, and the fact, if they so found, that his testimony was in conflict with other evidence in the case.—*Williams v. State,* 74 Ala. 26; *Chappell v. State,* 71 Ala. 322; *Beasley v. State, Ib.* 328; *State v. White,* 27 Amer. Rep. 144, note.

3. The third charge requested by defendant should have been given. It asserts a correct legal proposition, and there was evidence tending to show conduct, from which a belief that the woman had consented might have resulted, though there had been no expression of consent, and though there may, in fact, have been no consent at all.—*McQuirk v. State,* 84 Ala. 435.

The judgment of the Circuit Court is reversed, and the cause remanded.