# Jones v. The State.

*Indictment for Rape.*

1. *New trial in criminal case within the trial court's discretion.*—The granting of a motion for a new trial in a criminal case is a matter within the discretion of the trial court, and its rulings thereon are not reviewable on appeal.

2. *Jury; quashing venire.*—It is no ground for quashing a *venire* that a mistake was made in the given name of one of the persons composing the *venire;* nor should a *venire* be quashed because one or more of the persons named therein had served as jurors at a term of the same court within the twelve months next preceding.

3. *Same; same.*—While, in following the requirement of the statute, that the residences of the jurors composing a *venire* shall be stated, it would be better, in case the residence is indicated by the beat or precinct in the county in which the jurors reside, to write the word "Beat" before the number accompanying each name, yet, where, opposite the name of each juror there is a figure, running from 1 to 13, with a =||= mark before each figure, it is correct to presume that such sign and following figure refer to the number of the precinct or beat in which the person to whom they relate resides.

4. *Rape; prosecutrix may testify as to whether or not she consented.*— Where, on a trial under an indictment for rape, the prosecutrix, on cross-examination, has testified to facts tending to show consent on her part, she may be asked in rebuttal, whether or not she consented for defendant to have sexual intercourse with her; the want of consent on the part of the party alleged to have been ravished being an essential constituent of the crime of rape, to which the prosecutrix can testify.

5. *Same; evidence as to cause of prosecutrix' absence at former term of court inadmissible.*—On a trial for rape, evidence that the prosecutrix, who was absent at the last term of court, was sent into the country by her grandmother and sister, is inadmissible to show the interest of her grandmother and sister, and the consequent bias of their testimony, when it is not shown that the defendant had any connection with, or knowledge of, the prosecutrix having gone into the country, and when the said grandmother and sister had not been examined as witnesses, and no predicate had been laid for such impeachment.

6. *Same; evidence of suspicious illicit intercourse hearsay, and inadmissible.*—On a trial under an indictment for rape, the testimony of the grandmother of the prosecutrix that she had suspected that the prosecutrix was having illicit intercourse with the defendant, had warned her against it and of its consequences, and had tried to pre-

[Jones v. The State.]

vent prosecutrix from going with defendant, is inadmissible as being merely hearsay evidence.

7. *Evidence of character; competency of a witness to testify thereto.*— When a witness testifies that he had lived in the same town and community with another witness for twenty years, and that seven or eight years ago was well acquainted with his character and reputation in the community in which he resided, but had seen and heard but little of him since that time, the witness testifying is competent to testify as to the present character of the other witness in the community where the latter witness resided; the length of time intervening not being sufficient to render the testimony of said witness incompetent, but a fact to which the jury might look in determining the weight they would give to such testimony.

8. *Same; same.*—Where, on the trial of a case there has been no evidence introduced as to the previous character of a certain witness, evidence as to whether there had been any "improvement in the character or reputation for truth and veracity" of said witness is inadmissible.

APPEAL from the District Court of Lauderdale.

Tried before the Hon. W. P. CHITWOOD.

The appellant in this case, Haywood Jones, was indicted, tried and convicted for the rape of Leona Pool; and sentenced to the penitentiary for life.

When the case was called for trial, the defendant moved the court to quash the *venire*, a list of which was served upon the defendant, and assigned several grounds for said motion. The first was, that on the regular *venire* issued for the week there appeared the name of "H. A. Ticer," and in making up the panel for the week "when H. A. Ticer's name was called, one W. A. Ticer answered, and stated that he was the only Ticer who lived in his precinct." The second and third grounds of said motion were, that on the regular *venire* for the week there were the names of two persons, who had served as jurors in said court within twelve months next preceding the trial of this case. The fourth and fifth grounds of the motion to quash the *venire* were that the names of the several jurors drawn and ordered summoned were not drawn from the jury box prepared according to law, in that the slips upon which the name of each of the jurors was written did not specify the residence of such juror as required by law, but upon each slip drawn by the court there was written beneath the name of the juror a figure preceded by the sign =‖= , the meaning and signification of which were wholly unknown to the defendant,

but which the court decided meant the number of the precinct in which the juror lived. The court overruled the motion to qusah the *venire;* and the defendant duly excepted.

On the trial of the cause, as is shown by the bill of exceptions, the evidence for the State tended to show that the defendant was guilty as charged in the indictment; while the testimony for the defendant was in conflict with that of the State in material facts, and tended to show that the defendant had had intercourse with the said Leona Pool, but that it was with her consent.

The rulings of the trial court upon the evidence, to which exceptions were reserved by the defendant, are sufficiently stated in the opinion.

JOHN T. ASHCRAFT, for appellant, cited Code of 1886 pp. 132 and 133, Jury Act, §§ 3, 4, 5; *Allen v. State,* 87 Ala. 107; *Kelly v. State,* 61 Ala. 19.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—1. It is hardly necessary to say, that a motion for a new trial in a criminal case is a matter within the discretion of the court to grant or not, and its denial cannot constitute a ground for error in this court.

2. A mistake in the given name of W. A. Ticer, one of the persons composing the *venire* served on the defen· dant for his trial, was no ground for a motion to quash the *venire.* The name could have been discarded, on motion of the defendant, and another juror summoned in his stead, but no such motion was made.—Code, § 4322; *Roberts v. The State,* 68 Ala. 156. Nor was it any ground to quash the *venire,* because two of the persons constituting the *venire* had served as jurors within twelve months last past.—*Arp v. The State,* 97 Ala. 5; *Gibson v. The State,* 89 Ala. 121; *Fields v. The State,* 52 Ala. 348.

3. The 4th and 5th grounds urged for quashing the *venire* were the same in substance, and each without merit. If the requirement of the statute, that the residences of the jurors composing the *venire* shall be stated, is mandatory, which we do not now decide, it appears that opposite the name of each juror was a figure, run-

ning from 1 to 13, with a mark in front of each—thus
=‖=—which number and mark, the bill of exceptions
states, the court inspected and decided, that they meant
the number of the precincts in which the jurors lived;
and we think this was a fair interpretation of these
signs, such as any reasonable person would put upon
them, and by which he could not be misled. It would
be better, however, to give the name of the city or town,
fully written out, and in case the residence is indicat-
ed by the beat in which one resides, to write the word,
"Beat" before its number.

4. There was no error in allowing the State to ask
the witness, Leona Pool, the party alleged to have been
ravished, whether or not she consented for the defen-
dant to have sexual intercourse with her. This question
was asked on rebuttal, on cross examination, after the
witness had stated facts, brought out by the defense, for
the purpose of showing that she had consented. The
want of consent on the part of the party alleged to have
been raped, is an essential constituent of the crime, to be
proved by the prosecution, and is a fact, to which the
woman may swear, to be weighed in connection with all
the other evidence tending to show consent.—*McQuirk
v. The State*, 84 Ala. 435; *Allen v. The State*, 87 Ala. 107.

5. The court allowed the prosecutrix, Leona Pool, to
prove, against the objection of the defendant, why she
was absent at the last term of the court; that her grand-
mother, Emily Conner, and her sister, Ida Moore, with
whom she lived, had made her go the country, some six
or seven miles away. The court stated to the jury, that
it admitted this evidence, "to show the interest of Emily
Conner and Ida Moore—witnesses subpœnaed, and af-
terwards examined for the defendant in this case—to go
to the weight of their testimony and for no other pur-
pose." It is not shown that defendant had any connec-
tion with or knowledge of the prosecutrix having gone
to the country, and the evidence was admissible against
him for no conceivable purpose. If confined to the pur-
pose for which the court said it admitted it, it was equal-
ly inadmissible. The two witnesses whom the court in-
tended the evidence to impeach, had not been examined,
and no predicate had been laid for any such impeach-
ment.

6. The defendant proposed to prove by said Emily

3

.Connor, that she suspected said Leona of having illicit intercourse with the defendant and warned her against it, and of its consequences to her, and if she had made any and what effort to prevent prosecutrix from going out with defendant, and what Leona did. The court, on the objection of the State, refused to allow the evidence to be introduced. In these rulings there was no error. These were mere hearsay, and *res inter alios*. It might have been competent, as implying consent, to prove the facts tending to show familiarity and improper relations between defendant and the prosecutrix, before the alleged rape, but not the suspicions of the witness and conversations between her and prosecutrix.—*Allen v. The State*, 87 Ala. 107.

7.  The defendant offered to prove the character of Gip Pool—a witness for the State, who had testified against him—by J. J. Mitchell, who testified, that he had lived at Florence for many years, and had known Pool for more than 20 years; that seven or eight years ago, he was well acquainted with the character and reputation of said Pool in the community in which he resided, but as Pool was a common negro, he had seen and heard but little of him, and could not say that he now knew his character and reputation, though they both lived in the same community. Although it is not expressly so stated, it is to be fairly inferred from the evidence of the witness, that he and Pool had lived together in Florence for more than twenty years. The court decided he was not competent to prove the character of said Pool. In this the court erred. The evidence offered was competent as tending to show the witness's present character in the neighborhood. The length of time intervening, from the time in the past—some seven or eight years—when the witness knew and could prove what the character of said Gip Pool was, did not render his evidence incompetent, but was a fact to which the jury might look, in determining what weight they would give to it.—*Martin v. Martin*, 25 Ala. 210; *Sleeper v. Van Middlesworth*, 4 Denio, (N. Y.) 481; Lawson on Presumptive Ev., 181. There is nothing in the case of *Kelly v. The State*, 61 Ala. 19, referred-to-by counsel, opposed to the conclusion here expressed.

In this connection, the defendant asked the witness, Martin, "whether or not he had ever heard of any change

[Shields v. The State.]

or improvement in character or reputation for truth and veracity of the said Pool?" which question the court refused to allow to be answered. There had been no evidence introduced, to show what his previous character was. In this there was no error. The question does not come within any of the recognized rules of proving character.

For the error pointed out the judgment of the court below is reversed.

Reversed and remanded.