# Wells *v.* The State.

## *Indictment for Larceny.*

1. *Trial and its incidents; suspension of trial in order to obtain witness.*—After a trial has been entered upon, it is within the discretion of the court, as to whether the trial should be suspended and delayed until a witness, who has already been examined as a witness and discharged, should be sent for and re-examined; and in the absence of abuse of this discretion on the part of the court, the refusal to suspend the trial for this purpose is not revisable.

2. *Witness; defendant as witness in his own behalf can be examined as to his conviction for crime.*—During the trial of a criminal case, where the defendant is examined as a witness in his own behalf, it is, under the provisions of the statute, (Code, § 1796), permissible for the State, on the cross examination, to examine him touching his conviction for another and different crime.

3. *Criminal law; general affirmative charge.*—On the trial of a criminal case, where there is evidence tending to show tha the defendant is guilty of the offense charged, the general affirmative charge requested by him is properly refused.

4. *Charge to the jury; properly refused when giving undue prominence to evidence of particular witness.*—A charge of the court to the jury, which gives undue prominence to the evidence of a particular witness, is erroneous and properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant was indicted, tried and convicted for the larceny of chickens from a chicken house. The chickens alleged to have been stolen were averred to have been the property of a Mrs. McCord.

There was evidence introduced on behalf of the State tending to show that the defendant was guilty of the offense charged; one of the witnesses for the State testifying that she saw the defendant at the chicken house on the night the chickens were stolen, and as he ran away.

It was further shown that the chickens after having been stolen, were delivered into the possession of Susannah Matthews by the defendant and that Mrs. McCord identified the chickens so left with Susannah Matthews as hers and they were turned over to her.

During the examination of Susannah Matthews, who was introduced as a witness for the State, and after she had testified that she had given the chickens to Mrs. McCord, the defendant asked her "what explanation as to her possession did she give Mrs. McCord?" The solicitor objected to this question because it sought to impeach the witness, and no proper predicate had been laid for her impeachment. The court sustained the objection, and the defendant duly excepted.

Mrs. McCord had been examined as a witness previous to the examination of Susannah Matthews. The defendant then had Mrs. McCord called as a witness, but she was not present, and upon her refusing to answer, the defendant requested the court to delay the progress of the trial until the witness could be brought into court; it being shown that she lived but a short distance from the court house, and the defendant's counsel stating that while she had not been summoned as a witness for the defendant, he relied upon the fact that she was summoned for the State. The court declined to delay the progress of the trial, but required the defendant to proceed with the evidence. To this ruling the defendant duly excepted.

The evidence for the defendant tended to prove an *alibi*. Bill Love, a witness for the State, testified that he lived a short distance from Mrs. McCord's house; that on the night the chickens were stolen from Mrs. McCord, he heard the noise, went to his door and saw two men running from the chicken house; that before he saw these men he heard a man talking at the house of Berry Perry, who lived across the street from Mrs. McCord, and according to his best judgment and belief, the voice he heard was that of the defendant. It was shown that the defendant had a peculiar voice.

Upon the examination of the defendant as a witness in his own behalf, he was asked by the solicitor, on cross-examination, if he had not theretofore been con-

[Wells v. The State.]

victed of larceny, and if it was not a fact that he was convicted for stealing turkeys. The defendant objected to each of these questions upon the ground that the record was the best evidence. The court overruled the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe all the evidence they must acquit the defendant, Shivers Wells." (2.) "If the jury believe the witness Bill Love, when he said that after he heard the noise at Mrs. McCord's house and while he was on his way to the house with his gun and before he fired his gun and saw two men running away he heard a voice at Berry Perry's house which to his best judgment and belief was the voice of Shivers Wells, they must acquit the defendant."

POWELL & SANDERSON, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

DOWDELL, J.—Whether the trial should be suspended or delayed, after having been entered upon, until the witness Mrs. McCord, who had been examined as a State's witness and discharged, could be sent for, was a matter addressed to the sound discretion of the court. We cannot say there was any abuse of discretion in the court's action, and the ruling is not revisable.

The defendant, being examined as a witness in his own behalf, it was permissible for the State on the cross-examination under section 1796 of the Code, to examine him touching his conviction for another and different theft; the purpose of such evidence going to his credibility as a witness.

There was evidence tending to show his guilt of the offense for which he was on trial and the general affirmative charge requested by him was properly refused.

There was no error in the refusal of charge No. 2. This charge if bad for no other reason, was faulty in that it gave undue prominence to the evidence of the witness Bill Love, besides being argumentative.

There is no error in the record, and the judgment is affirmed.