# Rose *v*. The State.

## *Murder.*

[DECIDED JUNE 15, 1905.]

1 *Homicide; Evidence; Admissibility.*—Evidence that the defendant was at or near the scene of the crime soon after its commission is properly admitted whether the testimony of the commission of the crime by the defendant be direct or circumstantial.

2 *Witnesses; Evidence; Objections.*—Objection is properly sustained to a question embracing two matters, one of which is relevant and the other irrelevant, as the court cannot separate the relevant from the irrelevant matter.

3. *Same;* A question so general in its character that an answer to it may or may not be relevant is improper, and objection thereto is properly sustained.

4 *Criminal Law; Instructions; Misleading Charges.*—While it is proper to refuse charges misleading in their tendencies, the court will not be put in error for giving a charge misleading in its tendency.

[Rose v. The State.]

5. *Homicide; Self Defense; Freedom from Fault; Instructions.*—The fact that the defendant did not provoke or encourage the difficulty is not the equivalent of freedom from all fault in bringing on the difficulty and a charge containing the first hypothesis is not correct as a definition of freedom from all fault so as to invoke the doctrine of self defense.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

The defendant was indicted and tried for the murder of Tommie Jackson, and convicted of manslaughter in the second degree. The evidence tended to show that the deceased was shot and died three days later from the effects of the wound. It was further shown that on the day of his death and on the day before, deceased repeatedly declared that he was going to die. Deceased had a written declaration prepared by a magistrate made after his declaration that he was going to die. This written declaration was offered in evidence by the State and objected to by the defendant who showed that when it was being taken down by the magistrate the deceased expressed himself as feeling very well and asked the magistrate if he thought he was going to die. The court overruled the objection and admitted the declaration in evidence. This declaration tended to show that the defendant shot him without provocation. The evidence further tended to show that immediately after the death of Jackson the defendant went to Florida and remained there until he was arrested and brought back. The witness Cowart was permitted to testify over the objection of the defendant that he met the defendant near the place where Jackson was shot and soon after the shooting and told defendant that Tommie Jackson had been shot and that he had heard that the man who did the shooting was named Rose. The defendant replied that his name was Rose. The court in its general charge to the jury said, "Defendant cannot avail himself of the plea of self-defense if he was at fault in bringing on the difficulty, and did any act which incited or provoked the difficulty. That if the defendant was at fault in striking at the horse of Jackson with his whip if he in fact struck at the horse with his whip, and if he thereby

brought on or provoked the difficulty, he cannot avail himself of the plea of self defense." The court also charged the jury that "A reasonable doubt means a doubt growing out of the evidence for which a reason can be given." The defendant requested the following written charges which were refused by the court. 7. The court charges the jury that if they are reasonable satisfied from all the evidence in the case that the defendant was to ordinary appearances in imminent peril of his life or limb, from which there appeared to be no reasonable mode of escape, and that the defendant did not provoke or encourage the difficulty, and under this reasonable apprehension the defendant fired the fatal shot, and that he did not fire the shot of malice, then the jury should not convict the defendant. 11. If the jury do not believe the facts detailed in the dying declaration of Tommie Jackson, they should disregard them entirely. 4. If contradictory statements by the State's witnesses on material points are made this may create a reasonable doubt of the guilt of the defendant.

FOSTER, SAMFORD & CARROLL, for Appellant.

MASSEY WILSON, Attorney General for State.

TYSON, J.—We are of opinion that the dying declarations of the deceased were properly admitted.—*Sims v. State,* 139 Ala. 74.

The testimony of the witness, Cowart, was also properly admitted. If the occurrence between him and defendant can be construed as a confession by the latter tending to show that he killed the deceased, the circumstances adduced attending its making show that it was voluntary. On the other hand, if no confession was involved, the testimony was competent as showing defendant's proximity to the scene of the crime, recently after its commission, and this is true notwithstanding the evidence showing the killing by him was direct and not circumstantial.

There was clearly no error in sustaining the objection to the question propounded to defendant on direct examination, "Why he left the State and went to Florida,"

or to the question "Whether or not his father advised him to go to Florida." As to the question asked him "To state his financial condition at that time and whether he was able to incur the expense of a murder trial," it is obvious that the latter part of it was objectionable upon the ground that it called for the opinion or conclusion of the witness. The court was under no duty to separate, if it be conceded that the first part of it was proper, which it is by no means clear.—*Matthews v. Ferrell,* 140 Ala. 298, 310. The next question to him was too general. An answer responsive to it, may have been competent or incompetent.

That part of the oral charge of the court relating to self-defense was unobjectionable. It properly submitted to the jury whether the defendant's conduct in striking the horse of the deceased was calculated to bring on or provoke the difficulty which resulted in the shooting of him by the defendant.

The other portion of the charge, to which an exception was reserved, was subject only to the vice of being misleading. This does not constitute a reversible error. *Avery v. State,* 124 Ala. 20, 22.

Charge 7 was properly refused. Without conceding its correctness in other respects, it was subject to the infirmity of not properly hypothesising freedom from fault on the part of the defndant. The phrase "That the defendant did not provoke or encourage the difficulty" is not the equivalent of freedom from all fault. He may not have provoked or encouraged the difficulty, and yet have willingly engaged in it after it had been provoked by the deceased.—*Gilmore v. State,* 126 Ala. 20, 28.

Charge 11 was calculated to mislead the jury to the conclusion that, although they may have believed some of the facts detailed in the dying declaration, they should disregard the whole statement. The cases of *Gregg v. State,* 106 Ala. 44, and *Williams v. State,* 114 Ala. 19, have no application to this charge.

Charge 4 is incomplete and unintelligible.

Affirmed.

MCCLELLAN, C. J., SIMPSON and ANDERSON, JJ., concurring.