# Davis *v.* The State.

### *Robbery.*

|Decided Feb. 4, 1909. 48 South. 694.)

1. *Appeal; Harmless Error; Admission of Evidence.*—If it was error to admit without proper identification pieces of slag found at the place of the robbery as the instruments used by the defendant, it was harmless as. subsequent evidence was introduced fully identifying them.

2. *Robbery; Evidence.*—The prosecutor may testify that he did not consent to the taking of his money, in a prosecution for robbery.

3. *Appeal and Error; Admission of Evidence; Proper in Part.*— Where a question is asked which is improper in part, objection to it is properly overruled unless objection separates the good from the bad, so the defendant being competent to testify as to his consent or not to the taking of his money, a general objection to the question, whether defendant was willing or consented to the taking of his money was properly overruled.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Henry Davis was convicted of robbery, and appeals. Affirmed.

The two counts in the indictment charge the taking of a suit case, two shirts, one pair of pants, one pair of overalls, a Bible, and a hair brush, stating the value of each item, the property of Clarence Domby, from his person against his will, by violence, etc. Count 3 charges the taking of a silver dollar, of the currency of the United States, etc. The evidence tended to show that Clarence

[Davis v. The State.]

Domby got off the train at Childersburg and started up the railroad, looking for the home of a Mr. Crowe, and that he had a suit case, with the articles mentioned in the first two counts of the indictment in it. As he went up the road, he saw the defendant, and asked him if he knew where Mr. Crowe lived, and was told that he did not. Domby then asked defendant if he would take his valise up the road to Mr. Crowe's house for 25 cents, and the defendant replied that he would, and he took the valise, and Domby and the defendant proceeded on up the railroad, passed the brickyard of Mr. Clardy, and as they got near some woods the defendant set down the grip called the attention of Domby to a piece of iron melting or slag, and asked him if he could throw pretty well, and told Domby that he saw a rabbit in the bushes, and that witness went round the bushes to see if he could see the rabbit, when defendant struck him on the head, and he became unconscious. There was other evidence tending to corroborate the statement, and also to show how the witness got to Mr. Crow's, and as to the nature and serious character of the wound, etc. It was further shown that the suit case or grip which he was carrying was afterwards taken from the defendant, and the articles contained therein were identified. The witness Newsome testified that the place where the assault happened was in Talladega county, and that he went to the place and found blood scattered about on the ground, two pieces of iron melting or slag, and that the slag had hairs on it when he found it, and that there was blood right at it when he found it, and that there was blood right at it. The iron or slag was admitted in evidence over the objection of defendant. Subsequently the witness Domby was shown the slag, and asked if he had ever seen it before, and he identified it as the piece of iron or slag he saw in the hands of defendant on the day and at the

time he was assaulted; but at that time it was in one piece, and in the hands of defendant, who remarked that it would make a good chop ax.

FRANCK L. VANCE, for appellant. A conviction cannot be had for robbery on evidence showing that the defendant obtained the possession of the property by fraud or artifice and retained it by force or threats of violence.—*Thomas v. The State,* 91 Ala. 34. The doctrine of error without injury is never applied in criminal cases except where it affirmatively appears that the defendant was benefited by the ruling of which he complains.—*Maxwell v. The State,* 89 Ala. 150. On this authority, the court erred in admitting Newsome's evidence as to the finding of the bludgeon. In support of the contention that the evidence was illegal and injurious to the defendant, counsel cite.—*Perry v. The State,* 91 Ala. 85; *Terry v. The State,* 118 Ala. 86; *Abernathy v. The State,* 129 Ala. 88.

ALEXANDER M. GARBER, Attorney-General, and MARION H. SIMS, Solicitor, for the State. The court did not err in admitting the piece of slag in evidence.—*Mitchell v. The State,* 94 Ala. 68; *Walker v. The State,* 97 Ala. 86; *Ezzell v. The State,* 103 Ala. 8; *Newell v. The State,* 115 Ala. 54. Counsel discuss other assignments of error, but without citation of authority.

DENSON, J.—The defendant, convicted and sentenced to be hanged for the crime of robbery, has appealed from the judgment of conviction.

The indictment contains three counts, all of which charge the crime of robbery in Code form. The first and second counts were eliminated by charges given at the defendant's request. Defendant offered no evidence,

[Davis v. The State.]

while that of the state makes a clear and aggravated case of robbery, as charged in the third count of the indictment.

If the court erred in its first ruling, admitting in evidence the two pieces of "iron or slag" found and picked up by witness Newsome at the place where the robbery was committed, the error was cured by subsequent evidence of identification, which was sufficient to authorize their admission in evidence, and upon which it was the province of the jury to determine whether they had formed the identical piece of "iron or slag" which Domby testified defendant picked up on the railroad, and also to determine whether it was the implement used by defendant in striking Domby.—*Mitchell's Case,* 94 Ala. 68, 10, South. 518; *Ezell's Case,* 103 Ala. 8, 15 South. 818; *Thornton's Case,* 113 Ala. 43, 21 South. 356, 59 Am. St. Rep. 97.

Whether or not it was competent for Domby to testify that he was not willing for the defendant to take his money we need not decide, as it was competent for him to testify that he did not consent for him to do so.— *Jones v. State,* 104 Ala. 30, South. 135.   The question objected to called upon the witness to testify whether he was willing or consented for the defendant to take his money; and, part of the question being good, the objection was properly overruled.

The record has had that consideration which the great importance of the case entitles it to; and, having found no error therein, we hold that the judgment of conviction must be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and MAYFIELD, JJ., concur.