# Wingate *v.* The State.

## *Murder.*

(Decided May 3, 1911.   55 South. 953.)

1. *Witnesses; Contradiction; Immaterial Matter.*—Where all the evidence tended to show that the crime was committed in the early part of the night after dark, it was not permissible to show the exact time when it occurred for the purpose solely of contradicting a witness who testified that it occurred betewen seven and eight o'clock, as such contradiction was upon an immaterial issue.

2. *Same; Credibility; Conviction; Felony.*—The state may show the fact that the defendant had been convicted of a felony on cross examination of the defendant as a witness for the purpose of affecting his credibility.   (Sec. 4009, Code 1907.)

3. *Homicide; Instructions; Self Defense.*—Where a defendant willingly fights he cannot set up self defense.

4. *Same; Degree of Offense; Prejudice.*—Where a defendant was convicted only of manslaughter in the first degree he was not prejudiced by the giving of instructions hypothesizing certain facts and directing that if the jury find such facts to be true they should find him guilty of at least murder in the second degree.

5. *Same; Abandoning Difficulty; Good Faith.*—A charge asserting that even though the defendant was not free from fault in bringing on the difficulty yet if he had abandoned it in good faith, and after such abandonment defendant at the time of the fatal act was surrounded by such circumstances as created in his mind a reasonable belief, well founded and honestly entertained, of his present, immediate and imminent peril, and of an urgent necessity to take the life of his assailant as the only alternative of saving his own life or preventing grievous bodily harm, then he should be acquitted, provided the jury further finds that there was no way for him to retreat without increasing his peril, ignores evidence as to freedom from fault and as to having fought willingly, and was properly refused.

6. *Same; Duty to Retreat.*—Certain charges considered and held properly refused for ignoring evidence of defendant's willingness to fight, and as ignoring the doctrine of retreat.

7. *Evidence; Testimony of Accused; Weight.*—Together with all the other evidence the jury may consider the evidence of the defendant in the light of the fact that he is the defendant and interested in the result of the verdict and in the further light of the fact that he had been previously convicted of a felony.

8. *Charge of Court; Misleading.*—A charge asserting that if the jury were reasonably doubtful as to the proof in the case as to any material allegation in the indictment they must acquit, is misleading and properly refused.

[Wingate v. The State.]

9. *Same; Singling Out Parts of Testimony.*—Charges which single out parts of testimony or give undue prominence to portions of the evidence are properly refused.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Madison Wingate was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following were charges given for the state: (3) "The court charges the jury that they may consider the testimony of the defendant, together with all the other evidence, in the light of the fact that he is the defendant, and the interest he has in your verdict, and in the further light of the fact that he has heretofore been convicted and sentenced to the penitentiary. This is to be taken in connection with all the other evidence."

(2) "The court charges the jury that if the defendant willingly fought with Lewis, and when beginning to fight he was armed with a weapon calculated to take life when used in a deadly way, and then intended to use such weapon in that way in the fight if it became necessary, and in the fight he intentionally used such weapon in such a way as would be calculated to kill Lewis, and thus did kill him, then the defendant is not entitled to the benefit of the law of self-defense, and is guilty of at least murder in the second degree, if this was in Mobile county before the finding of the indictment."

The following charges were refused to the defendant: (1) "The court charges you, gentlemen of the jury, that if you are reasonably doubtful as to the proof in this case, as to any material allegation in the indictment, you must acquit the defendant." (2) "The court charges the jury that they may consider the fact, if it be a fact, that the defendant did not undertake flight or evade the officers of the law after the killing occurred in determining as to his guilt or innoncence." (6) "The court charges the jury that they should not capriciously

reject the evidence of the defendant merely because he is the defendant in the case; but if they have a reasonable doubt of his guilt, even though this doubt is based on his evidence alone, they should not find him guilty." (4) "The court charges the jury that, even though they should find that Madison Wingate was not free from fault in bringing on the difficulty but had abandoned it in good faith, and after such abandonment the defendant at the time of the fatal act was surrounded by such circumstances as to have created, and which did create, in his mind a reasonable belief, well founded and honestly entertained, of his own present, immediate, and imminent peril, and of an urgent neccessity to take the life of his assailant as the only alternative of saving his own life or preventing grevious bodily harm, they should acquit him, provided they further find that there was no way for him to retreat without increasing his peril." (5) "The court charges the jury that if the defendant was free from fault in bring on the difficulty, and the killing was the result of action on the part of the deceased which aroused in the mind of the defendant a reasonable apprehension of great bodily harm, and the circumstances were such to make such apprehension reasonable, and he, acting on such apprehension, killed the deceased to save his own life, or to avoid great bodily harm to himself, he was acting within his lawful rights. And if in the mind of any one of his jurors there is a reasonable doubt that he killed the deceased under these circumstances, you should not convict him." (7) "The court charges the jury that every homicide does not necessarily mean that the perpetrator thereof is guilty of a crime, but under some circumstances one man has the right to kill another and still be innnocent in the eyes of the law; and even though you believe from the evidence that the defendant did

kill the deceased, yet if from the evidence you have a rea-
sonable doubt that in doing so he was free from fault in
bringing on the difficulty, and struck the blow or blows
that resulted in the death of Lewis, under circumstances
sufficient to inspire in the mind of the defendant a rea-
sonable belief of imminent danger of death or grievous
bodily harm to himself, and he in fact did believe such
danger existed, and killed deceased to save himself from
death or such bodily harm at the hands of deceased, you
should find him not guilty."

B. J. McMILLAN, and GEORGE E. CRAWFORD, for ap-
pellant. It was competent to show the exact time of the
difficulty for the purpose of impeachment if for noth-
ing else.—*Wills v. The State*, 74 Ala. 21. It was in-
competnent to show that the defendant had been con-
victed and sent to the penitentiary.—*Thompson v. The
State*, 14 So. 878. The court erred in charging the jury
that they might consider the evidence of the defendant
in the light of the fact that he was the defendant, and
in the light of the fact that he had been convicted of a
felony.—*Willingham v. The State*, 30 So. 429 ;*Fountain
v. The State*, 13 So. 492; *Vaughan v. The State*, 30 So.
669; *Stone v. The State*, 17 So. 114. The court erred in
refusing charge 4.—*Parker v. The State*, 7 So. 98. Coun-
sel discuss the other charges given and refused, but
without further citation of authority.

ROBERT C. BRICKELL, Attorney General, and W. L.
MARTIN, Assistant Attorney General, for the State. The
court properly excluded the evidence as to the exact
time as under all the facts it is immaterial.—*Murphy
v. The State*, 118 Ala. 137. The court properly permit-
ted the defendant to be asked concerning his previous
conviction of felony.—Sec. 4009, Code 1907; *Wells v.
The State*, 131 Ala. 48; *Deal v. The State*, 136 Ala. 52.

The court properly charged as to the freedom from fault in bringing on the difficulty.—*Brown v. The State,* 74 Ala. 478; *Rose v. The State,* 144 Ala. 114. One who fights willingly cannot set up self-defense.—*Gilmore v. The State,* 126 Ala. 20; *Boudin v. The State,* 102 Ala. 78. The charge as to murder in the second degree was without prejudice to the defendant, as he was convicted of a lesser degree.—*Winter v. The State,* 123 Ala. 1. The court properly charged that the jury might consider the fact that the defendant was interested in the result of the verdict, and that he had been previously convicted of felony.—*Dryman v. The State,* 102 Ala. 130; *Allen v. The State,* 87 Ala. 107; *Wells v. The State,* 137 Ala. 40. The court properly refused charges 1 and 6.—*Reeves v. The State,* 157 Ala. 5; *Thomas v. The State,* 150 Ala. 31. Charge 2 was properly refused.— *Stone v. The State,* 165 Ala. 65; *Harbor v. The State,* 140 Ala. 103. Charges 3, 5 and 7 were properly refused.—*Beaver v. The State,* 160 Ala. 66; *Bell v. The State,* 115 Ala. 25; *DeArman v. The State,* 77 Ala. 11. Charge 4 was properly refused.—*Parker v. The State,* 88 Ala. 4; *Crawford v. The State,* 112 Ala. 133.

DE GRAFFENRIED, J.—The defendant was indicted for murder in the first degree. He was tried in the city court of Mobile on a plea of not guilty to the indictment, was convicted of manslaughter in the first degree, and sentenced to the penitentiary for a period of five years.

The theory of the state was that the defendant and deceased were quarreling about a woman, Mary Green, and that defendant was cursing deceased about her; that the woman heard the quarrel and called deceased, who thereupon abandoned the quarrel, and, leaving defendant, went to the house of the woman, and sat by her

[Wingate v. The State.]

on her front porch; that shortly after this the defend-
ant, without being requested to do so, came in the direc-
tion of the woman's house either with the intention of
provoking a difficulty with deceased, or prepared, at
least to resist any attack, deadly or otherwise, which
the deceased might make on him; that, before the de-
fendant reached the gate leading into the house of the
woman, the deceased armed himself with a deadly wea-
pon and made an attack on defendant; that defendant
willingly entered into the difficulty and in the difficulty
killed deceased.

The defendant's theory, on the other hand, was that
there was in fact no quarrel, but that, if there was, the
first quarrel had been abandoned in good faith by the
defendant, and that while he, without intending thereby
to provoke a difficulty, was approaching Mary Green's
house, he was unexpectedly and without fault on his
part, violently assaulted by deceased with a deadly wea-
pon; that he had no reasonable mode of escape; and
that he struck the mortal blow when in imminent ac-
tual danger from deceased to save his own life or to save
himself from great bodily harm.

There was some evidence in the case tending to up-
hold both contentions.

All of the evidence tended to show that the homicide
occurred at an early hour in the night. The witness
Mary Green, about whom the trouble appears to have
arisen, says it was after dark, between 7 and 8 o'clock,
and, while she testified that it was a moonlight night
and that the moon was shining when the homicide oc-
curred, she stated that just after the homicide the de-
fendant got a light out of her house and went out to the
gate looking for his hat, and finally found it. The de-
fendant testified that it was dark when the killing oc-
curred, and also testifies that he did get a light and by

its aid found his hat just after the homicide. The defendant's counsel while the defendant was on the stand asked him what time it was when the killing occurred. The state objected, the court sustained the objection, and the defendant excepted. As we read the evidence, we do not think that the court committed an error in this ruling. The testimony all showed, as above stated, that the homicide was committed in the early part of the night, "after dark," and it was immaterial as to what exact time it did occur. As we understand counsel for defendant, he desired to contradict Mary Green on this point by the defendant; but a contradiction on an immaterial point does not affect the testimony of a witness. The court therefore committed no error which was of injury to defendant in refusing to allow the defendant to answer the question.—*Murphy v. State,* 118 Ala. 142, 23 South. 719.

The court was not guilty of error in allowing the state to prove by the defendant, for the purpose of casting discredit on his testimony on his cross-examination, that he had been convicted of a felony.—Code, § 4009; *Wells v. State,* 131 Ala. 48, 31 South. 572; *Deal v. State,* 136 Ala. 52, 34 South. 23.

The court committed no error in charging the jury, at the written request of the state, that, "if the defendant willingly fought with deceased, he cannot claim self-defense." One of the important questions under the evidence was whether the defendant did not himself invite the difficulty which resulted in the homicide, and did not take advantage of it to inflict the wound on deceased which resulted in his death. Referable to all the evidence in this case, the charge was proper.—*Williams v. State,* 83 Ala. 16, 3 South. 616; *Gilmore v. State,* 126 Ala. 20, 28 South. 595; *Boulden v. State,* 102 Ala. 78, 15 South. 341.

Under the authorities above cited, the second charge given to the jury at request of the state was manifestly proper.—*Rose v. State,* 144 Ala. 114, 42 South. 21. Even if this charge was error, it was error without injury to the defendant.

The defendant was convicted of manslaughter in the first degree, and the charge above referred to defines murder.—*Winter v. State,* 123 Ala. 1, 26 South. 949.

Charge No. 3, given at the request of the state, belongs to that class of charges which a court may or may not in its discretion give. The court committed no error in giving the charge to the jury.—*Dryman v. State,* 102 Ala. 130, 133, 135, 15 South. 133; *Allen v. State,* 87 Ala. 107, 109, 6 South. 370; *Wells v. State,* 131 Ala. 48, 31 South. 572; *McGee v. State,* 117 Ala. 229, 231, 23 South. 797; *Lewis v. State,* 88 Ala. 11, 13, 6 South. 755; *Smith v. State,* 107 Ala. 139 (chg. 7, p. 142), 18 South. 306; *Smith v. State,* 118 Ala. 117 (chg. 6, p. 119) 121, 24 South. 55; *Miller v. State,* 107 Ala. 40 (chg. 9, p. 46) 58, 11 South. 37; *Wilkins v. State,* 98 Ala. 1 (chg. 10, p. 5) 8, 13 South. 322; *Allen v. State,* 87 Ala. 107, 109, 6 South. 370; *Walker v. State,* 89 Ala. 79, 81, 8 South. 153; *Lang v. State,* 84 Ala. 1, 5, 4 South. 193, 5 Am. St. Rep. 324; *McKleroy v. State,* 77 Ala. 95, 98.

Charge No. 1, asked by the defendant, was misleading, and was properly refused.

Charges 2 and 6 singled out a part of the testimony in the case and belong to that class of charges which the court may or may not in its discretion give. Its refusal to give the charges was not error.—*Stone v. State,* 105 Ala. 65, 17 South. 114.

Charge 4, asked by the defendant, was properly refused, because, while it is predicated upon the abandonment by the defendant of the difficulty in good faith, it ignores that part of the evidence tending to show that the de-

fendant was not free from fault in the renewal of the difficulty, and that he fought willingly.—*Rose v. State, supra.*

The evidence for the state in this case tends to show that, while the quarrel between the defendant and the deceased had been abandoned, the defendant afterwards, by proceeding to the house of Mary Green where the deceased was, did an act which was reasonably calculated under all the circumstances to bring about a renewal of the trouble, and the above charge ignores this phase of the testimony.

Charge 5, asked by the defendant, was bad because it ignores that part of the evidence which tends to show that the deceased fought willingly and ignored the doctrine of retreat. The same criticism is applicable to charge 7.

We are therefore of the opinion that no reversible error was committed by the primary court in this case, and the judgment of the court below is affirmed.

Affirmed.