# Roden v. The State.

## Violating Prohibition Law.

(Decided Feb. 6, 1912. · 58 South. 71.)

1. *Intoxicating Liquors; Illegal Sale; Evidence.*—Where the prosecuting witness testified that he bought whisky from the defendant, that defendant delivered it to him and received the money, the question of the ownership of the whisky was immaterial, and the court properly refused to receive evidence as to the ownership of the whisky taken away by the witness on another occasion.

2. *Same; Internal Revenue License.*—Where the record showed that the defendant admitted that he had an internal revenue license covering the period of time charged in the indictment, the state may show that the defendant had applied for an internal revenue license to sell liquor, under section 22½, Acts 1909, p. 63, over the objection that the evidence did not show that the time and place involved in this transaction was included.

3. *Witnesses; Impeachment; Conviction of Felony*—Under section 4009, Code 1907, the state may, on cross examination, show that a witness had been convicted of a felony as affecting his credibility.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

[Roden v. The State.]

Pick Roden was convicted of violating the prohibition law and he appeals. Affirmed.

D. ISBELL, for appellant. Counsel discusses assignments of error, but without citation except to the provisions of Acts 1909, p. 63.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The state was properly permitted to show that the witness was convicted of a felony.—Sec. 4009, Code 1907; *Wingate v. State,* 1 Ala. App. 40; *Gordon v. State,* 140 Ala. 29; *Deal v. State,* 136 Ala. 52. Counsel discuss other assignments of error, but without further citation of authority.

PELHAM, J.—The defendant was convicted of a violation of the prohibition laws. The state's witness testified to having bought a pint of whisky from defendant, for which he paid defendant 65 cents; that the defendant personally delivered the whiskey and received the money.

There was no error in refusing to allow the defendant to prove by the witness John Dotson whose whisky it was the state's witness had picked up and taken off with him on the occasion testified to by this witness Dotson. From the testimony of the two witnesses it would appear that the two transactions were entirely separate and distinct, and that the incidents related by Dotson had no reference to the time testified to by the state's witness when he received the whisky from the defendant in person and paid him for it. Under such circumstances as testified to by the state's witness, it was immaterial who the whisky belonged to.

It was not improper to allow the state to cross-examine the defendant's witness Bob Dotson touching

[Roden v. The State.]

his conviction for crime.—Code, § 4009. His conviction of a felony was properly admitted, as affecting his credibility.—Wingate v. State, 1 Ala. App. 40, 55 South. 953; Murphy v. State, 108 Ala. 10, 18 South. 557; Wells v. State, 131 Ala. 48, 31 South. 572; Deal v. State, 136 Ala. 52, 34 South. 43; Gordon v. State, 140 Ala. 29, 36 South. 1009.

The evidence that defendant had applied for a revenue license to sell liquor was admissible.—Acts 1009, p. 89, § 22½. There is nothing in the defendant's contention that the evidence was too general, and did not go to show that the time and place involved in the transaction in question was included. The bill of exceptions shows that the defendant admitted that he had such a license, and that it covered the time laid in the indictment.

The refused charge, requested by the defendant, is covered by given charges Nos. 4 and 5.

There is no error shown, and the case will be affirmed. Affirmed.