## THOMPSON vs. THE STATE.

[INDICTMENT FOR LARCENY.]

*Larceny, name of owner of property; what is immaterial variance as to name of owner.*—Where an indictment for larceny charges the stolen goods to be the property of J. H. Dargin, and the evidence shows that his name is John H. Dargin, but that he was frequently called J. H. Dargin, and wrote his name J. H. Dargin, this is not such a variance as entitles the defendant to an acquittal.

APPEAL from the Circuit Court of Madison.
Tried before Hon. W. J. HARRALSON.

The facts are set forth in the opinion.

DAVID D. SHELBY, for appellant.—1. The indictment alleges that J. H. Dargin is the owner of the goods; the proof is that the owner's name is John H. Dargin. A mistaken christian name was anciently more fatal than a mistaken surname.—Bacon's Abgt., Title, Misnomer, 2 Hawkin's P. C. 317; 2 Hale's P. C. 175–6; but "modern decisions make no distinction."—*Lynes v. State*, 5 Por. 236.

2. Any substantial variance between the name of the owner as given in the indictment, and as proved on the trial, will be fatal.—1 Whar. Cr. L. 595, 598; 2 *Ibid*, 1821; 1 Bish. Cr. L. 681; 1 Bish. Crim. Procedure, 119; 1 Chitty Cr. L. 216; *Rex v. White*, 1 Leach, 225; *U. S. v. Howard*, 3 Sumner, 12; *U. S. v. Keen*, 1 McLean, 429; *Commonwealth v. Wade*, 2 Va. Cas. 325; *Kirk v. Suttle*, 6 Ala. 679; *Eskridge v. The State*, 25 Ala. 30; *The State v. Flora*, 4 Por. 114; 20 Ala. 39; 3 Greenl. Ev. 22.

3. Upon a variance in the name of material third parties it is the duty of the court to order an acquittal.—1 Whar. Crim. Law, 259 (4th.)

4. The indictment should state both the christian and

surname of the owner of the goods.—2 Bish. Crim. Pro. 680; or it should state that the part of the name omitted is to the grand jury unknown.

5. Every person is presumed to have a christian name. In *Zellers v. The State*, 7 Indiana Reports, 659, the indictment alleged the passing to A. B. Robinson a forged bank note. It was proved on the trial that Robinson's name was Alexander B. Robinson, but that he was often called A. B. Robinson. The court held that the variance between the name alleged in the indictment and the name proved on the trial was fatal.

6. In *Willis v. The People*, 1 Scam. 399, the indictment alleged the goods to be the property of T. D. Howke and E. Dobbins, doing business in the town of Equality, under the firm name of T. D. Hawke & Co., and the court said : "This is clearly erroneous ; there is no reason whatever to justify the omission to state the christian names of the owners."

7. An error in stating the name of third persons is more fatal to the indictment than a mistake in the name of the defendant, (1 Whar. 595,) and is not a mere formal defect.

Jno. W. A. Sanford, Attorney-General, *contra.*, contended that whatever the law may be elsewhere, the practice of describing parties by the initials of the christian names, had been too long acquiesced in and followed in the courts of Alabama, to be now departed from. The proof shows that the witness, although named John H. Dargin, was frequently called J. H. Dargin, and also, that he was the owner of the property ; in fact, that J. H. Dargin and John H. Dargin were one and the same person. There is nothing going to show that there was more than one person of that name in the county, or that the accused was in any way embarrassed or hampered in making his defense by reason of the initials only of the christian name being given in the indictment.

PECK, C. J.—The defendant was indicted for stealing certain personal goods, charged to be the property of J.

H. Dargin, who was marked on the indictment as the prosecutor.

On the trial, said Dargin was examined by the State, and deposed that he was the owner of the property described in the indictment; that his name was John H. Dargin; that he was frequently called J. H. Dargin, and signed his name J. H. Dargin.

This, the bill of exceptions states, was all the evidence on this point.

The court charged the jury, that if they believed that the prosecutor, J. H. Dargin and John H. Dargin, was the same person, that the variance between the name as proved, and the name as given in the indictment, was not material, to which charge the defendant excepted.

The defendant, in writing, asked the court to charge the jury that the variance between the name of the owner of the property, as alleged in the indictment, and as proved on the trial, was fatal to the indictment, and they must acquit the defendant. This charge the court refused to give, and the defendant excepted.

Defendant appeals, and insists that the court erred, both in the charge given, and in refusing to give the charge asked.

We think no error was committed, either in the charge given, or in refusing to give the charge asked. Although I do not approve of the practice, which prevails so generally in this State, of describing parties in judicial proceedings by the initials of their christian names, and do not wish to be understood as encouraging it, it is too late to undertake to correct it now, as, to do so, would do more harm than good. I do not know that this question has ever been directly made in this court, but I find it has been decided in South Carolina, in the case of the *State v. Silas Anderson*, 3 Richardson, 172. It is there decided that in describing third persons in an indictment, certainty, to a common extent, is all that is required; and if such persons are described by the initials of their christian names, the indictment, on its face, is sufficiently certain.

In that case the defendant was indicted for acts of re-tailing to A. B. Arnold, F. P. Robinson, Henry Power, and certain other persons.

A motion to quash the indictment for uncertainty was overruled. When the evidence was heard, it appeared that, although these letters were only initials of the true christian names, yet, that by these letters, the persons designated were called and known : that they wrote these letters for names, answered to them, and were distin-guished by them. This was held sufficient ; and the court said : " Under these circumstances, and in the general " use of initials, for names, which prevails, it would be " straining for the relief of the accused, to say that he " must be presumed incapable of knowing the persons " mentioned, by the description which pointed them out " without doubt to every body else."

In this case J. H. Dargin is marked on the indictment as the prosecutor, and although his true name is John H. Dargin, yet, as he was frequently called J. H. Dargin, and wrote his name J. H. Dargin, and proved that he was the owner of the stolen goods, we think the variance, if it can properly be called a variance, is no ground for the acquit-tal of the defendant. If the indictment had charged the stolen goods to be the property of D. H. Dargin, and on the trial they had been proved to be the property of John H. Dargin, then the variance would have been substantial, and the defendant would have been entitled to an acquittal.

Let the judgment be affirmed at the defendant's costs.