# Sellers *v.* The State.

### Indictment for Burglary.

1. *Empanelling jury ; what ruling as to, not erroneous.* — A defendant on trial for a felony not capital who refuses to pass on jurors accepted by the State and put upon him in a body, and demands the empanelling of a jury as in capital cases, cannot complain on error that this was denied him, when it appears that the court allowed him opportunity, of which he failed to avail himself, to examine each juror separately as to qualifications and cause of challenge.

2. *Practice.* — It is not error for the court to inform counsel while addressing the jury that the court will charge the law to be different from what counsel states it.

3. *Indictment ; when date of filing of, may be looked to.* — Where the defence set up is that the transaction, constituting the offence as charged, was another and different transaction from that proved, which it was contended had occurred subsequent

[Sellers *v.* State.]

to the finding of the indictment, it is not erroneous to instruct the jury that while the indictment is not evidence, the date of the filing indorsed on it may be looked to as evidence.

APPEAL from Circuit Court of Wilcox.

Tried before Hon. J. K. HENRY.

The appellant was convicted of burglary in the dwelling-house of Benjamin Newbery. When the case was called for trial both parties having announced ready, the court directed defendant to go to trial before one of the regular juries, which before that had been regularly examined, found qualified, and duly sworn for the week. The solicitor challenged two of the panel, and announced his satisfaction with the remainder. The defendant was then directed to pass upon the remaining jurors, but objected, " claiming the right to have the jury empanelled as in capital cases, by an examination of, and passing on, each one separately." The court refused to exclude the jury from the box, but informed defendant that he might examine each juror in the box separately as to his qualifications or any cause of challenge. Defendant refused to do so, and said, " that without waiving any right which he had, he was content with the jurors. Two other jurors were called and accepted, after examination." It does not appear that the defendant excepted to this ruling of the court, although it was urged here as erroneous.

The evidence as to the date when the offence was committed was not very definite. No witness stated directly that the burglarly was committed before the finding of the indictment, and none were examined who went before the grand jury. One witness said that the offence was committed in the spring of 1872. There was evidence that defendant confessed " he did go into the house," but did not give the date. Another witness testified that the burglary was committed early in the spring of 1872, about April or May, but in which of these months he could not say.

The defendant's counsel argued to the jury, among other things, that all the allegations of the indictment must be proved precisely as laid, and that circumstantial evidence was not sufficient to prove that the offence charged was the same as that about which the witnesses spoke, or that it was committed before the indictment was found. Here the court interrupted counsel and stated that it would charge the law to be different from that asserted by defendant's counsel; to which remark the defendant excepted. The court charged the jury " that circumstantial evidence was legal evidence, and as good as any to prove when the offence was committed, provided it satisfied their minds beyond a reasonable doubt; that the indictment was not evidence, but that the date when the indictment was

[Bennett *v.* State.]

filed could be looked to as evidence in the case." To the giving of this charge the defendant duly excepted. The indictment was indorsed, " Filed and returned in open court, May 3d, 1872."

JOHN McCASKILL, for appellant.

JOHN W. A. SANFORD, Attorney General, *contra.*

JUDGE, J. — 1. The jury in this case seems to have been regularly empanelled and properly sworn, and the defendant was not denied the legal right to examine each juror to ascertain whether or not he was obnoxious to a challenge for cause. We can see no error in the ruling of the court upon this question.

2. The counsel for the defendant, while arguing the case before the jury, was told by the court that it would charge the law to be different from what counsel stated it to be, as to the effect of circumstantial evidence. The court committed no error in this interruption of counsel ; nor did the court err, in its charge to the jury, as to the force and effect of circumstantial evidence ; nor in telling the jury that the indictment was no evidence against the defendant, but that they might look to the date of the filing of the indictment as evidence. This it was proper for the jury to do, upon the question made by counsel for the defence, that the transaction constituting the offence as charged in the indictment was another and a different transaction from that proved by the witnesses, which it was contended had occurred subsequent to the finding of the indictment.

We can see no error in the record, and the judgment is affirmed.