# Franklin *v.* The State.

### *Indictment for Obtaining Goods by False Pretence.*

1. *False pretence; allegation as to, construed.* — An allegation in the indictment that defendant falsely pretended that " he *had* one small black mule," is rightly construed as an averment that he "*had*" the mule as owner.

2. *Same; what charge erroneous.* — On the trial under the indictment a charge directing an acquittal " if defendant *had* the mule, whether he owned it or not," is properly refused, where the proof shows that although defendant was in possession of the mule he did not own it.

3. *Same; what variance immaterial.* — Where the false pretence charged was to H. B. Clark, and that proved was to Hiram B. Clark, the variance is immaterial, if the proof shows that H. B. Clark and Hiram B. Clark were the same person.

APPEAL from Circuit Court of Crenshaw.

Tried before Hon. JOHN K. HENRY.

The facts are fully stated in the opinion.

J. M. WHITEHEAD, for appellant.

JOHN W. A. SANFORD, Attorney General, *contra.*

MANNING, J. — The indictment in this cause sets forth that defendant " did falsely pretend to H. B. Clark, with intent to defraud, that he had one small, black, mare-mule, about eighteen years of age, and by means of such false pretence, obtained from the said H. B. Clark one mouse-colored, or bay horse-mule," and is in the form prescribed by the Code.

The proof shows that defendant rode a small, black, mare-mule to the house of one Isaac L. Mills, and there proposed to Hiram B. Clark to purchase a mule of him, upon credit ; that Clark demanding security for the price, defendant, after some other conversation between them, offered to Clark to give him a mortgage on both mules for security, and did so, — and that he said that he owned the black mare-mule ; though, in fact, he did not own her, but she belonged to another person.

The court, among other charges to the jury, instructed them " that the word ' had,' as used in the indictment, in which it is charged that defendant falsely pretended that he *had* a small black mule, &c., means more than to assert the mere possession of the mule, *but* meant to assert ownership of the mule ; " to which instruction defendant excepted, and he asked of the court, in writing, six other charges to the jury ; which the court refused to give, and defendant excepted.

The charge given by the court was correct.  The indictment meant that defendant falsely pretended that he *had* the mule as owner.

Independently of any other ground of objection to the first

[Faulk v. State.]

three charges asked and refused, they were exceptionable, because they, by a mistake in writing them, all relate to the mule obtained, instead of the other mule which he pretended that he owned.

The sixth charge asked presents in a proper form the point intended to be made in the first three, — to wit, that if defendant " had the mule he pretended to have, whether he owned her or not, they must find the defendant not guilty." This charge was correctly refused, for the reason already mentioned, that the word " had," in the indictment, means assertion of ownership.

For this reason, also, the fourth charge asked was correctly refused.

The fifth charge asked, which is : " If the jury believe the evidence, they cannot find the defendant guilty," — defendant insists ought to have been given ; because the indictment charges that the false pretense was made to H. B. Clark, and the evidence shows that Hiram B. Clark was the person with whom he dealt. If there be evidence in the cause that the person referred to is known and called as well by the name of H. B. Clark as that of Hiram B. Clark, then the fifth charge asked ought not to have been given. It was for the jury to determine whether the name used in the indictment did not as correctly designate the person referred to as the other. In this record there is such evidence. The mortgage executed by defendant to Clark, and which is set out in the bill of exceptions, first sets forth the name of the latter as Hiram B. Clark, — but afterwards, and four different times, it designates him by the name of H. B. Clark.

The judgment of the circuit court is affirmed.