# Sewell *v.* The State.

*Indictment for Trespass after Warning.*

1. *Variance in name of prosecutor, or owner of land.*—Where the premises trespassed on are described in the indictment as the property of "S. *Sicily* G., wife of John J. G.," while the evidence shows that her true name was *Sicily* G., there is no material variance, although the two names may not be the same in law, since the identity of person is established by the additional descriptive averment.

[Sewell v. The State.]

2. *Who may give warning; leased premises.*—The statute which creates the offense of trespass after warning (Code, § 4419) was intended to protect the possession; and when leased premises are in the possession of a tenant, warning by the landlord not to enter on them is not sufficient.

FROM the Circuit Court of Cherokee.
Tried before the Hon. JAMES AIKEN.

MATTHEWS & DANIEL, and JAS. A. REEVES, for appellant.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant is indicted under section 4419 of the Code (1876), for trespass after warning, upon certain described premises of the prosecutor, without legal cause or good excuse.

1. These premises are alleged in the indictment to be the property of "S. Sicily Garrett, wife of John J. Garrett." The evidence shows that the owner's true name was Sicily Garrett, but that she was properly described as the wife of John J. Garrett. Was this a fatal variance? The Circuit Court held not, and we think properly so. We need not decide that the name S. Sicily Garrett, without more, is, in law, the same as that of Sicily Garrett. The negative of this may be conceded, for the purpose of argument, inasmuch as it is only the middle, and not the first or initial Christian name, which the law authorizes to be omitted or inserted as immaterial, at the option of the pleader; and no reason seems to exist why one should not be known as well by a single letter of his name as any other way.—*Pace v. State*, 69 Ala. 231; *Thompson v. State*, 48 Ala. 165; 1 Bish. Cr. Proc. (3d Ed.) § 685. But this defective description is supplemented by another description, alleging that the person intended to be described is "the wife of John J. Garrett;" and the evidence renders her identity sufficiently certain, by removing every ambiguity arising from this apparent variance. It is thus made certain that no other person could have been intended than the wife of John J. Garrett.—*Kriel v. Com.*, 5 Bush (Ky.), 364. The objection for variance, we think, is not well taken.

2. The judgment, however, must be reversed on the authority of *Mathews v. State*, 81 Ala. 66; s. c., 1 So. Rep. 43, decided at the present term. We there held that, in a prosecution for trespass after warning, instituted under sections 4419 and 4420, it was essential that the warning, or notice not to enter into the dwelling-house, or on the premises of one whose possession is sought to be protected,

*[Ex parte King.]*

must be given by the person in actual possession, and that, where premises were leased to a tenant, a warning by the landlord during the tenancy would not be such a compliance with the statute as to warrant a prosecution against one entering in defiance of such warning.

The evidence here shows a warning to the defendant, given only by the landlord, and not by the tenant in possession. Several charges of the court were in violation of the above rule, and were therefore erroneous.

The other points discussed will not probably arise on another trial.

Reversed and remanded.