# Crittenden. *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny; sufficiency of indictment.*—It is no objection to an indictment for larceny, which contains two counts, that in each of the counts the property alleged to have been stolen is alleged to have belonged to a different person.

2. *Same; same.*—It is no ground for demurrer to an indictment for larceny, that it fails to aver the christian name of the owner of the property alleged to have been stolen, and fails to aver that the christian name of said alleged owner was to the grand jury unknown.

3. *Organization of petit jury; defendant not entitled to have panel completed after State challenged.*—After the State has peremptorily challenged several jurors in the organization of a petit jury, it is not error for the court to require the defendant to pass upon the remaining jurors, before summoning others to supply the place of those who had been challenged.

10c

4. *Same; how places of jurors challenged supplied.*—In the organization of a jury for the trial of a felony case, other than a capital one, in the city court of Montgomery, after the regular jurors in attendance have been exhausted without completing the jury, the statute, (Cr. Code, § 5012; Acts of 1900-1901, p. 1994, § 9) provides that the number required to complete the jury shall be summoned from the qualified citizens of the county; and the defendant is not entitled to have such deficiency made up by drawing from the jury box.

5. *Larceny, conspiracy; admissibility of evidence.*—On a trial under an indictment for larceny, where there is evidence tending to show a conspiracy on the part of the defendant and others to commit the offense charged, every act or declaration done or made by the defendant or any other of the co-conspirators in connection with and in furtherance of the common purpose. is competent and admissible in evidence.

6. *Same; same; same.*—On a trial under an indictment for the larceny of cattle, where the evidence shows that the cattle alleged to have been stolen were taken from the county adjoining the one in which the indictment was preferred, and were driven into the said latter county, and that there was a conspiracy on the part of the defendant and others to commit the offense, all that was said and done by the defendant and those aiding him in the commission of the offense along the route the cows were driven, is competent and admissible in evidence as a part of the *res gestae.*

7. *Criminal law; sufficiency of evidence of accomplice to authorize conviction.*—It is sufficient to authorize the conviction on the testimony of an accomplice, that the corroborating evidence tends to connect the defendant with the commission of the crime.

8. *Larceny; charge of court to jury.*—On a trial under an indictment which charges the defendant jointly with another, with having stolen eighteen cows, a charge which instructs the jury that if they believe from the evidence beyond a reasonable doubt that the persons alleged in the indictment to have owned said cows "had eighteen or any number of cows feloniously taken and carried away, and that the defendant confessed that he was one of the persons engaged in such felonious taking and carrying away of said cows, it is sufficient to authorize a conviction of the defendant, without regard to the testimony of the accomplice," states a correct proposition of law and is properly given at the request of the State.

[Crittenden v. The State.]

9. *Grand larceny; charge of court as to confession; sufficiency of evidence.*—On a trial under an ind'ctment which charges the defendant and another person with larceny, where there is evidence that the defendant made a confession that he was one of the persons that had committed the larceny, a charge is free from error and properly given at the request of the State which instructs the jury that "A confession by the defendant, if one was made, is admissible as corroborating evidence of that of an accomplice, and may be taken by the jury as a sufficient corroboration to authorize a conviction."

10. *Same; charge as to alibi.*—On a trial under an indictment for larceny, where the defendant introduces evidence tending to prove an *alibi*, a charge is free from error and properly given at the request of the S'ate which instructs the jury that "If the jury believe from the evidence beyond a reasonable doubt that the *ali_i* set up in this case is simula'ed. f lse and fraudulent, they may consider this as a circumstance against the defendant in connection with the other evidence in the case."

11. *Larceny; charge to the jury.*—On a trial under an indictment for larceny, where there is evidence tending to show a conspiracy on the part of the defendant and others to commit the offense charged, charges requested by the defendant which ignore the evidence tending to show a conspiracy and give undue prominence to certain portions of the evidence, to the exclusion of all other evidence, are erroneous and properly refused.

12. *Same; same.*—On a trial under an indictment for larceny, where there is evidence tending to show a conspiracy on the part of the defendant and others to commit the offense charged, proof of the personal presence of the defendant at the time of the commission of the offense is not necessary to a conviction.

13. *Same; same.*—Where an indictment for larceny contains two counts and in each of the counts the ownership of the property alleged to have been stolen is laid in different persons, charges which postulate an acquittal of the defendant on the failure to prove that either one of the owners as alleged in the indictment owned all of the property stolen, are erroneous and properly refused.

14. *Same; same.*—In such a case, a charge which instructs the jury that they must believe beyond a reasonable doubt that all of the property stolen belonged to both of the persons alleged in each of the counts of the indictment to be the owners of such property, before they can convict the defendant, is erroneous and properly refused.

15. *Same; same.*—Charges which are argumentative, misleading and invasive of the province of the jury are properly refused.

[Crittenden v. The State.]

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The indictment under which the appellant was tried and convicted was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment Will Lowe and Tom Crittenden feloniously took and carried away eighteen cows, the personal property of J. B. Milligan.

"The grand jury of said county further charge that before the finding of this indictment Will Lowe and Tom Crittenden feloniously took and carried away eighteen cows, the personal property of J. H. Milligan, against the peace and dignity of the State of Alabama."

Upon a demand a severance was ordered, and the defendant Tom Crittenden was tried separately. The defendant demurred to the indictment upon the following grounds: "1. Because said indictment charges two separate and distinct offenses of larceny from two separate and distinct owners. 2. Because said indictment in each count fails to aver the christian name of the owner of the property alleged to have been stolen, and fails to aver that such christian name of said alleged owner in each count was to the grand jury unknown."

In reference to the organization of the jury for the trial of the defendant, the bill of exceptions contains the following recital: "During the organization of the jury twelve of the regular jurors for the week of said term were in the jury box, the State challenged three of said jurors and the court thereupon ordered the defendant to pass upon the remaining nine jurors. Thereupon the defendant moved the court to complete the jury from the regular jurors who were in attendance upon the court before he be required to pass upon the jurors remaining in the box; the court refused to grant said motion, to which action of the court defendant then and there duly and legally excepted. The *venire* for the week being exhausted, the jury being incomplete, the defendant moved the court to draw from the jury box a sufficient number of names to complete said jury. The court overruled said motion, and the defendant then and there duly and legally excepted to the ruling of the

[Crittenden v. The State.]

court. The court ordered the sheriff to summon from the qualified citizens of the county the regular number of jurors to complete said jury, to which action of the court the defendant then and there duly and legally excepted."

On the trial of the case the State introduced evidence tending to show that the defendant Will Lowe and Tom Crittenden had feloniously taken and carried away eighteen head of cattle; that five or six of said cattle belonged to J. H. Milligan and twelve or thirteen of them belonged to J. B. Milligan, and that the cattle were taken while out on a range owned by one of the said Milligans, a long distance from Montgomery, and were carried by the defendant and Crittenden, with the assistance of others, to Montgomery, and there sold. There was further evidence on the part of the State that the defendant in conversation with the wife of Tillman Crittenden, one of his accomplices, confessed to having stolen the cows as charged in the indictment. The defendant introduced evidence tending to show an *alibi*. The defendant denied having made a confession to Mrs. Tillman Crittenden. The other facts of the case are sufficiently stated in the opinion.

The court at the request of the State gave to the jury the following written charges: (1.) "The slightest corroboration of the testimony of an accomplice is sufficient if it tend to connect the defendant with the commission of the offense." (2.) "If the jury believe from the evidence beyond a reasonable doubt that in this county and within three years before the finding of this indictment, J. B. Milligan or J. H. Milligan had eighteen or any number of cows feloniously taken and carried away, and that the defendant Tom Crittenden confessed that he was one of the persons engaged in such felonious taking and carrying away of said cows, this is sufficient to authorize the conviction of the defendant without regard to the testimony of the accomplice." (3.) "A confession by the defendant, if one was made, is admissible as corroborating evidence of that of an accomplice and may be taken by the jury as sufficient corroboration to authorize a conviction." (4.) "If the jury believe from the evidence beyond a reasonable doubt that the *alibi*

set up in this case is simulated, false and fraudulent, they may consider this as a circumstance against the defendant in connection with all the other evidence in the case."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the folowing charges requested by him: (19.) "The court charges the jury that if they believe that Tom Crittenden on the evening of the 19th of March, 1900, was at his home at Shady Grove, and that on the same evening before sundown, three men stopped at the house of Dan Seagers with a bunch of eighteen cattle, they must acquit the defendant." (20.) "Before the jury can find the defendant guilty they must find beyond a reasonable doubt that the defendant and Will Lowe and Tillmam Crittenden drove eighteen head of cattle to the house of Dan Seagers on the afternoon of March 19, 1900." (22.) "Before the jury can find the defendant guilty they must believe beyond a reasonable doubt that the eighteen head of cattle alleged to have been stolen on the 19th of March, 1900, was the property of J. B. Milligan." (17.) "The court charges the jury that they must believe beyond a reasonable doubt that eighteen head of cattle were stolen from J. H. Milligan and J. B. Milligan on the 19th day of March, 1900, by the defendant before they can convict this defendant." (23.) "Before the jury can find the defendant guilty they must find beyond a reasonable doubt that the property stolen was the property of J. H. Milligan." (21.) "The court charges the jury that the independent loss of eighteen head of cattle does not constitute the offense as charged in this indictment." (6.) "If the jury have a reasonable doubt that the defendant was not in the city of Montgomery on the 21st day of March, 1900, then they must find the defendant not guilty." (14.) "If the jury have a reasonable doubt as to whether Tillman Crittenden assisted in driving the cattle from the pasture of Mr. Lowe to the stock pen in the city of Montgomery, then they must acquit the defendant." (22½.) "Although the jury may believe from the evidence that

the defendant made a confession to Mrs. Crittenden, unless that confession tends to corroborate the testimony of the accomplice, Tillman Crittenden, then the jury must find the defendant not guilty." (15.) "The court charges the jury that the testimony of the wife of the accomplice must be viewed with caution, and that they must give every consideration to the fact that she is the wife of the accomplice." (12.) "The court charges the jury that they are to take into consideration the animus actuating the accomplice in the testimony given against the defendant." (6½.) "The court charges the jury that it is necessary in order to convict the defendant that the corroborating evidence of Tillman Crittenden should be upon some part of the testimony which is material to the issue. It must also tend to show that defendant committed the crime charged in the indictment; for it is not sufficient corroboration to prove the offense was in fact committed in the manner described by Tillman Crittenden, the accomplice, unless proof the *corpus delicti* necessarily involves the defendant's connection with the crime."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The demurrers to the indictment were properly overruled.—*Maynard v. State,* 46 Ala. 85; *Rollins v. State,* 98 Ala. 79; *Thompson v. State,* 48 Ala. 165; *Franklin v. State,* 52 Ala. 314; *Gerrish v. State,* 53 Ala. 480; *Lyon v. State,* 61 Ala. 224.

It was not error for the court to refuse the motion of defendant that the jury be filled before he exercised his right of challenge. Defendant has no such right or privilege. It is a matter within the discretion of the trial judge.—*Wilson v. State,* 31 Ala. 371; *Sellers v. State,* 52 Ala. 368. Under the jury law of Montgomery county it is proper that when the *venire* is exhausted, it should be filled from the qualified citizens of the county summoned by the sheriff under an order of the judge trying the case.—Acts, 1900-01; Code, § 5012.

The court did not err in its rulings upon the evidence. *Bryant v. State,* 116 Ala. 449; *LeVaul v. State,* 40 Ala.

44; *Bonner v. State,* 107 Ala. 97; *Jefferson v. State,* 110 Ala. 89.

DOWDELL, J.—There was no error in overruling the demurrer to the indictment and the motion to quash, on the ground of charging two offenses in different counts.—*Wooster v. State,* 55 Ala. 220; *Maynard v. State,* 46 Ala. 85; *Butler v. State,* 91 Ala. 87; *Rollins v. State,* 98 Ala. 79.

Nor was there any error in overruling the demurrer to the indictment on the ground that the Christian name of the owner of the property alleged to have been stolen, is not averred.—*Thompson v. State,* 48 Ala. 165; *Franklin v. State,* 52 Ala. 414; *Gerrish v. State,* 53 Ala. 480; *Lyon v. State,* 61 Ala. 224; *Lowe v. State, infra.*

There is no merit in the exceptions reserved to the actions and rulings of the court in the organization and impannelling of the jury which tried the case. After the State had peremptorily challenged several jurors, there was no error in requiring the defendant to pass upon the remaining jurors, before summoning others to supply the places of those who had been challenged.—*Sellers v. State,* 52 Ala. 368; *Wilson v. State,* 31 Ala. 371.

To complete the jury after the number had been reduced below twelve by challenges, the defendant was not entitled to have such deficiency made up by drawing from the jury box as in capital cases. In felony cases other than capital, the statute provides for the completion of the jury for the trial of the case where the regular jurors in attendance have been exhausted without completing the jury, by summoning the required number from the qualified citizens of the county. Crim. Code, § 5012; Special Jury Law for Montgomery County, Acts 1900-1901, p. 1994, § 9.

The bill of exceptions shows many exceptions reserved on the trial to the rulings of the court on the introduction of the evidence. It can serve no good purpose to review these exceptions in detail. We have carefully considered them all, and fail to find any merit in any of them.

There was evidence tending to show a conspiracy on the part of the defendant and others mentioned in the

evidence, to commit the offense charged in the indictment. Every act or declaration done or made by the defendant, or any one of the co-conspirators, in connection with and in furtherance of the common purpose, was clearly competent and admissible in evidence.

The testimony tended to show that the cows alleged to have been stolen, were taken by the defendant in an adjoining county and brought into the county of Montgomery and sold in the city of Montgomery. All that was said and done by the defendant and those aiding him in the commission of the offense, along the route in carrying the cows from the place of original caption to the city of Montgomery was competent as a part of the *res gestae.*

It is sufficient to authorize a conviction on the evidence of an accomplice, if the corroborating evidence tends to connect the defendant with the commission of the crime.—Crim. Code, § 5300; 1 Mayfield's Dig. p. 8, sub-div. 10.

Charge 1 requested by the State was free from reversible error. Nor was there any error in the giving of charges numbered 2, 3, and 4, requested by the State.

Charge 19 requested by the defendant is faulty in that it ignores evidence which tended to show a conspiracy to commit the offense, and gives undue prominence to certain portions of the evidence to the exclusion of all the other evidence. If the defendant was connected with the conspiracy to commit the crime, proof of his personal presence at the time of its commission, would not be necessary to a conviction.

Charge 20 likewise singles out a part of the evidence to the exclusion of the evidence tending to show a conspiracy. Besides the evidence tended to show that they drove seventeen and not eighteen cows to the house of Dan Seagers. The charge was properly refused.

The ownership of the property stolen was laid in different persons in separate counts. The evidence shows a single taking. This form of pleading was adopted to meet any phase of the evidence as to ownership. Charge 22 postulates an acquittal on a failure of proof as to ownership in J. B. Milligan; this ignored the charge contained in the second count, which laid ownership in

J. H. Milligan. Charge 23 postulates an acquittal on failure of proof of ownership in J. H. Milligan, ignoring the charge in the first count which put the ownership in J. B. Milligan. These charges for this reason were bad and were properly refused.

There was no charge in the indictment of a joint ownership in J. B. and J. H. Milligan, and consequently charge 17 was rightly refused.

Charge 21 was clearly misleading.

Charge 6 ignores the evidence, which tended to show a conspiracy on the part of the defendant and others in the commission of the theft.

Charge 14 is so palpably faulty as to require no comment.

Charge 22½ ignores other evidence in the case besides the confession of the defendant which tended to connect him with the commission of the offense charged.

Charge 15 is invasive of the province of the jury, besides being bad in other respects.

Charge 12 likewise invades the province of the jury, and assumes that there was *animus* proven.

Charge 6½ is both argumentative and misleading and for this reason, if no other, properly refused.

We find no error in the record and the judgment is affirmed.

*Indictment for Grand Larceny.*

1. *Larceny; sufficiency of indictment.*—It is no objection to an indictment for larceny, which contains two counts, that in each of the counts the property alleged to have been stolen is alleged to have belonged to a different person.
2. *Same; same.*—It is no ground for demurrer to an indictment for larceny, that it fails to aver the christian name of the owner of the property alleged to have been stolen, and fails to aver that the christian name of said alleged owner was to the grand jury unknown.