# James Knight *v.* The State.

### *Embezzlement.*

(Decided July 6, 1906. 41 So. Rep. 911.)

1. *Criminal Law; Record; Presence of Accused.*—Where it appears from the record that defendant was present in person and by counsel at the commencement of the trial, and it also appears that he was present at the them of pronouncing sentence, the record sufficiently shows his presence during the trial.
2. *Same; Arraignment.*—It is a sufficient arraignment, in a prosecution for embezzlement, that the solicitor read the indictment to the jury in the presence of the defendant and he interposed thereto his plea of not guilty.
3. *Indictment and Information; Variance.*—The indictment charged embezzlement of the funds of H. G. Kilgore. The evidence

showed that the funds belonged to Howell Greene Kilgore, that Kilgore signed checks and transacted business as H. G. K. and that his initials were H. G. K. Held, not to constitute a variance.

4. *Same; Allegation and Proof.*—The indictment charges, in the first count, the embezzlement of "fifty dollars, lawful money of the United States of America" and in the second count "Money to the amount of fifty dollars." There was no proof of the kind of money laid in the first count, and no allegation or proof that the property laid in the second count was of any value. Held, fatal to a judgment of conviction, and to entitle defendant to the affirmative charge.

5. *Embezzlement; Venue; Jury Question.*—Where the proof showed that the money was delivered to defendant in the county of C. to be deposited in a bank in the county of T. and part of such money was deposited in said bank, the trial court could not say, as a matter of law, that the embezzlement occurred in the county of C.

6. *Same; Common Carrier.*—The fact that defendant was accustomed to carry money for prosecutor from prosecutor's place of business to a bank in another town for deposit, for which prosecutor paid defendant did not constitute defendant a common carrier, and a charge asserting that defendant was such a carrier was properly refused.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

The judgment of the court is as follows: "April 18, 1906. On this day came W. B. Bolling, solicitor of the Fifth judicial circuit of Alabama, and also comes the defendant in his own proper person and by his attorney, and being arraigned upon said indictment and for his plea thereto the defendant says that he is not guilty. Issue being joined upon said plea, and after hearing the evidence, thereupon came a jury, etc., who upon their oaths say: 'We, the jury, find the defendant guilty as charged in the indictment.' It is therefore considered and adjudged by the court that the defendant, Jim Knight, is guilty as charged in the indictment, and the State of Alabama, for the use of Coosa county, have and recover of Jim Knight the cost of this prosecution, for which let execution issue. Again, on this 18th day of April into open court comes the defendant, Jim Knight,

in his own proper person. Being asked by the court if he has anything to say why the sentence of the law should not be pronounced upon him, says nothing. It is therefore considered," etc. The bill of exceptions contains the following: "The defendant was arraigned in the following manner: The state announced ready for trial, and the defendant announced ready for trial, and after the jury had been selected and impaneled, the solicitor read the indictment to the jury in the presence of the defendant, and the defendant's counsel announced to the jury in the presence of the defendant in open court that the defendant pleads not guilty. The defendant raised no objection to the manner of this arraignment, or any of the preliminary proceeding had in this cause." The evidence showed that Kilgore paid defendant 15 cents for taking $163 for him from his place of business at Weogufka, in Coosa county, to the Merchants' & Planters' Bank at Sylacauga, in Talladega county, to the credit of Kilgore, and that he deposited only $110 in money and a $3 check. It further appeared from the evidence that the defendant was a mail carrier, and that he received from Kilgore compensation on several occasions for carrying money to Sylacauga and depositing it.

The court at the conclusion of the testimony gave the general affirmative charge to the state, and refused like charges for the defendant. Defendant also requested charges requiring the jury to believe that the offense was committed in Coosa county before conviction, and also charges requiring an acquittal of defendant if they had a reasonable doubt as to whether the crime was committed in Coosa or Talladega county. Charge 9 was as follows: "I charge you that if you believe from the evidence in this case that the defendant was in the habit and had been regularly engaged to carry money by Kilgore to the bank at Sylacauga and deposit it in Kilgore's name subject to draft, and that the money described in the indictment was delivered to him in this way and for this purpose, that the transaction would constitute the defendant a common carrier, and from the time the

[James Knight v. The State.]

money was delivered to the defendant, to be delivered to the bank, the money was the property of the bank, and the defendant could not be convicted as charged in the indictment." This charge was refused.

D. H. RIDDLE, for appellant.—The indictment was defective.—*Berney v. State*, 87 Ala. 80; *State v. Murphy*, 6 Ala. 845; *DuBois v. State*, 50 Ala. 139; *Grant v. State*, 55 Ala. 291.

In all cases of felony the record should show that the defendant was arraigned. In this case, it is not sufficiently shown.—*Hughes v. State*, 1 Ala. 655; *Fernandez v. State*, 7 Ala. 511; *Paris v. State*, 36 Ala. 232; *Slocomb v. State*, 46 Ala. 227; *Jackson v. State*, 91 Ala. 55; 2 A. & E. Ency. P. & P. pp. 829 to 861. There was a variance in that the indictment charged the money to be the property of H. C. Kilgore and the proof showed it to be the property of Howell Kilgore; and it was not shown that they were the same people.—*Morningstar v. State*, 52 Ala. 405; *Johnston v. State*, 59 Ala. 37; *Underwood v. State*, 220.

There are three reasons why the affirmative charge should not have been given for the State but should have been given for the defendant. No value was shown. Embezzlement did not occur in Coosa county and it was a question for the jury to say where the fraudulent intent was conceived.—*Henderson v. State*, 129 Ala. 104; *Penny v. State*, 88 Ala. 105. The record fails affirmatively to show the presence of the accused during the trial.—*Sylvester v. State*, 71 Ala. 23.

MASSEY WILSON, Attorney General, for State.—The pass book was properly indentified, and therefore, properly admitted, or if improperly admitted it was without error.—*Curtis v. Parker*, 136 Ala. 217; *Fuller v. State*, 117 Ala. 36; Sec. 4333, Code 1896. The court properly gave the affirmative charge for the State. The defendant waived his right to take advantage of any insufficiency in the indictment.—Sec. 4895, Code 1896; 10 Ency. P. & P. 564. The only way to take advantage

of the insufficiency of the indictment after failure to demur is by writ of error.—*Raines v. State,* in MS. There is nothing in the contention that there was a variance.—*Crittenden v. State,* 134 Ala. 145. The presence of the defendant is sufficiently shown.—*Suddeth v. State,* 124 Ala. 32. The charges refused to the defendant were all properly refused. Charges 4 and 5 on the authority of *Crittenden v. State, supra.*

SIMPSON, J.—The defendant in this case was convicted under an indictment charging embezzlement. No demurrer was interposed to the indictment, nor any supposed defects brought to the attention of the court in any legal way.—Code 1896, § 4895; 10 Ency. Pl. & Pr. 564. The record sufficiently shows a continuous proceeding and the presence of the defendant throughout the trial.—*Sudduth v. State,* 124 Ala. 32, 27 South. 487. The arraignment is also sufficiently shown.—*Fernandez & White v. State,* 7 Ala. 511.

It is claimed that there is a variance between the allegations in the indictment and the proof, in that the indictment gives the name of the person whose money is alleged to have been embezzled as "H. G. Kilgore," while the proof shows his name was "Howell Green Kilgore." Kilgore testified himself that his name was H. G. Kilgore, and on cross-examination stated that his name was Howell Green Kilgore; that people called him "Howell"; that his initials were "H. G."; that he signed checks and received mail by that name; that people who knew his name called him "Howell," and those who did not called him "H. G."; and that his letterheads were printtd "H. G. Kilgore." There was no dispute as to the identity of the party, and this court "is satisfied that no injury resulted therefrom to the defendant." This was not such a variance as to entitle the defendant to the general charge.—Code 1896, § 4333; *State v. Rook,* 42 Kan. 419, 22 Pac. 626; *State v. Flack,* 48 Kan. 146, 29 Pac. 571; *Franklin v. State,* 37 Tex. Cr. R. 312, 39 S. W. 680; *Thompson v. State,* 48 Ala. 165; *Franklin v. State,* 52 Ala. 414; *Lyon v. State,* 61 Ala. 224; *Lowe v. State,* 134 Ala. 154, 32 South. 273; *Crittenden v. State,* 134 Ala. 145, 32 South. 273.

[James Knight v. The State.]

⸱ The first count in the indictment alleges that the property embezzled was "fifty dollars, lawful money of the United States of America," and the second count alleges only that it was "money to the amount of fifty dollars." There was no proof to sustain the allegation in the first count, as to the kind of money; and there was no allegation in the second count, and no proof that the money therein referred to was of any value. These being the facts of the case, the court erred in giving the general charge in favor of the state.—*Burney v. State,* 87 Ala. 80, 6 South. 391. For another reason it was error to give the general charge for the state, to-wit: The evidence showed that the money was delivered to the defendant in Coosa county to be carried to Talladega, and that the money which he did deposit was carried to and deposited in the bank in Talladega county. The court could not say as a matter of law that the embezzlement took place in Coosa county.—*Henderson v. State,* 129 Ala. 104, 29 South. 799.

Without going specifically into an examination of each charge refused, it is sufficient to say, in connection with what has already been said, that in order to sustain a conviction in this case the burden was on the state to show that the property described in the indictment was embezzled in Coosa county. The facts detailed in the evidence did not constitute the defendant a common carrier, and the charge based on that theory was properly refused.

The judgment of the court is reversed and the cause remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.