# Roden *v.* The State.

## *Bribery.*

(Decided April 4, 1912.   59 South. 751.)

1. *Bribery; Indictment.*—An indictment for bribery which failed to allege the christian name of the officer corruptly solicited, and which also failed to allege that his name was to the grand jury unknown, was not demurrable on that ground.

2. *Same; Evidence.*—Under a charge of attempting to bribe a town marshal, it was competent for him to testify that he turned the bribe money over to the city attorney for the purpose of showing the connection between his testimony and that of another witness, identifying the money to be subsequently introduced in evidence.

3. *Same.*—On a charge of bribery, an incriminating note, given by the defendant to the officer corruptly solicited, as well as evidence of a second payment of bribe money, was admissible as corroborative of and relative to the main issue, and as indicating an intent to influence the officer corruptly, although tending to show offenses distinct from the offense charged.

4. *Same.*—Where the prosecution was for bribing a town marshal for the purpose of permitting the defendant to violate the prohibition laws, a United States revenue license issued to the defendant as a retailer was admissible for the purpose of showing motive.

5. *Same.*—When properly identified, the money offered as a bribe is admissible in evidence in a prosecution for the bribery.

6. *Trial; Remarks of Court.*—It was not improper for the court, in a bribery case, to suggest to the solicitor that he introduce the sheriff to identify the bribe money and the revenue license issued to the defendant.

7. *Witnesses; Credibility.*—As bearing on his credibility, the fact that a witness had been convicted of an assault with intent to murder was admissible.

8. *Same; Impeachment.*—Where a defendant's witness testified that he was present, and that no bribe money was paid on that occasion, it was competent to show that such witness was present on an occasion different from that on which the money was alleged to have been paid.

9. *Same; Bias.*—Where a witness for defendant testified as to the character of the marshal, testifying that it was bad, it was competent to show that there was ill feeling between the marshal and such witness.

10. *Appeal and Error; Harmless Error; Evidence.*—If it was error to permit a question as to whether liquor had been found in a cabin belonging to the defendant, it was harmless where the witness answered in the negative.

11. *Evidence; Documents; Preliminary Proof.*—Where the prosecuting witness testified that an incriminating note which was produced had been handed him in person by the defendant, the note became admissible without the signature to it being identified as that of the defendant.

12. *Trial; Argument of Counsel.*—Where the statement that no witness had testified that the sheriff had failed to do his duty, was a legitimate deduction from the evidence, such statement was not improper.

13. *Indictment and Information; Variance.*—Where an indictment for bribery gave the initials of the christian name of the officer alleged to have been corruptly solicited, there was no material va-

[Roden v. The State.]

riance where the proof and instructions identified such officer by his full name, especially where it also described such officer as the marshal of a certain town.

14. *Charge of Court; General Charge.*—Where the evidence is sufficient, if believed, to sustain a conviction, the affirmative charge cannot properly be given for the defendant.

15. *Same; Singling Out Evidence.*—A charge asserting that if the weakness of the state's testimony was such that, with the conflict therewith, on the part of defendant's witnesses, the jury have a reasonable doubt of the defendant's guilt, was properly refused as it did not authorize consideration of the state's evidence, not conflicting with defendant's evidence, and based an acquittal on part of the evidence besides assuming the weakness of the state's evidence.

16. *Same; Prominence to Particular Matters.*—A charge asserting that if the prosecuting witness had pleaded guilty to murder in the second degree, this was a circumstance to be considered, gave undue prominence to particular facts mentioned, and was properly refused.

17. *Same; Reasonable Doubt.*—A charge asserting that if from the conflict in the evidence, the jury have not an abiding conviction of the defendant's guilt, they should acquit, was erroneous in basing a reasonable doubt upon a consideration of the conflicting evidence alone.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Pick Roden was convicted of bribery, and he appeals. Affirmed.

The following charges were refused the defendant:

(11) "The court charges the jury that initials are not names; and if the letters W. B., before the name of Stallings, are not in fact his name, then your verdict should be not guilty."

(12) Same as 11.

(13) "The court charges the jury that if the name of the marshal was Willie B. Stallings, or Willie Bell Stallings, or Will Stallings, your verdict would be not guilty."

(14) "The court charges the jury that, because of the variance in the allegation and the proof, they will find the defendant not guilty."

(16) "The court charges the jury that, if the weakness of the state's testimony is such that, with the con-

flict therewith on the part of the defendant's witnesses, they have a reasonable doubt of defendant's guilt, they should acquit."

(17) "The court charges the jury that, if the witness Stallings pleaded guilty to murder in the second degree, this is a circumstance to be considered by the jury in connection with all the other evidence in determining whether the defendant is guilty; and if from such circumstances and all other evidence in the case there is a reasonable probability of defendant's innocence, your verdict should be for the defendant."

(18) "The court charges the jury that, if from the conflict in the evidence they have not an abided conviction of the guilt of this defendant, then his guilt has not been proven by that full measure of proof required by law."

(19) "The court charges the jury that if they believe the evidence in this case that the witness Stallings has pleaded guilty to a charge of murder in the second degree."

JOHN A. LUSK & SON, for appellant. The evidence as to a distinct and separate transaction was not available under either alternative of the indictment.—52 Ala. 382; 68 Ala. 559; 91 Al.a 87. The license was clearly irrelevant.—*McCormack v. The State,* 102 Ala. 161. Witnesses cannot be corroborated in this matter, the accused not being present when it is alleged to have occurred.—*Rivers v. The State,* 97 Ala. 72. There was no connection between Mrs. Haygood's fainting and the bribery charged.—*McCormack v. State, supra; Berney v. The State,* 69 Ala. 233. The argument of the solicitor was clearly improper.—*Crawford v. The State,* 112 Ala. 1; *DuBose v. Connor,* 1 Ala. App. 456. Charges 14 and 16 were proper.—*Storey v. The State,* 71 Ala. 329.

Charge 15 was proper.—*Lewis v. The State,* 88 Ala. 13; *Walker v. The State,* 117 Ala. 45; *McKee v. The State,* 82 Ala. 32.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The note alleged to have been written by defendant and handed the witness Stallings contained an incriminating statement by the defendant and was therefore admissible. Evidence of other acts similar to the one charged against the defendant, was admissible.—*Ingram v. State,* 39 Ala. 247, 252; *Mason v. State,* 42 Ala. 532, 537; *Peacher v. State,* 61 Ala. 22, 25; *Curtis v. State,* 78 Ala. 12, 14; *McDonald v. State,* 83 Ala. 46, 48; *Stanley v. State,* 88 Ala. 154, 157; *Reeves v. State,* 95 Ala. 31, 43; *Lang v. State,* 97 Ala. 41, 46; *Sellers v. State,* 98 Ala. 72, 75; *Howe v. State,* 102 Ala. 144, 151. The internal revenue license was properly admitted as tending to show the conduct by defendant of an unlawful drinking place, and therefore, of a motive to commit the offense charged in the indictment. The indictment alleging as "W. B. Stallings" the name of the person attempted to be bribed, was sufficient. He testified that some people called him "W. B."—*Thompson v. State,* 48 Ala. 165; *Lyon v. State,* 61 Ala. 224; *Crittendon v. State,* 134 Ala. 145, 152; *Lowe v. State,* 134 Ala. 154; *Knight v. State,* 147 Ala. 104, 108. It was not improper to show by the witness Ivey that he had been convicted and adjudged guilty of an assault with intent to murder.—Code, Sec. 4009. His conviction of a felony was properly shown as affecting his credibility.—*Murphy v. State,* 108 Ala. 10; *Wells v. State,* 131 Ala. 48; *Deal v. State,* 136 Ala. 52; *Gordon v. State,* 140 Ala. 29, 38; *Wingate v. State,* 1 Ala. App. 40. The argument of the Solicitor was one of inference from the evidence and

was not therefore improper.—*Childress v. State,* 86 Ala. 77.

PELHAM, J.—Pick Roden, who prosecutes this appeal, was tried and convicted in the court below on an indictment charging him with bribery. The facts alleged as the gravamen of the offense are to the effect that the defendant corruptly solicited or attempted to influence a public officer in the discharge of his official duties. It is averred that one W. B. Stallings, who is described as the marshal of the town of Guntersville, was promised by the defendant $10 per month, "and all the whisky and beer he could drink," if he would not arrest or interfere with the defendant in carrying on an illegal business in selling prohibited liquors.

The demurrers to the indictment are not well taken; nor are they insisted upon by counsel in brief. The indictment properly charges the offense described in section 6411 of the Code of 1907. It is no ground for demurrer to an indictment for bribery that it fails to aver the Christian name of the officer alleged to have been corruptly solicited, or an attempt made to influence him in his official actions, or that it fails to aver that the Christian name of such officer was to the grand jury unknown.—*Crittenden v. State,* 134 Ala. 145, 32 South. 273; *Knight v. State,* 152 Ala. 56, 44 South. 585. In describing third persons in an indictment, it has been held to be a sufficiently certain designation to use the initials of their Christian names.—*Thompson v. State,* 48 Ala. 165.

The evidence narrated by the witness Stallings on the trial in behalf of the state tended to show that during the time he was marshal of the town of Guntersville he went to the defendant's store on a certain occasion with one Jack Grayson, and that the defendant on this occa-

[Roden v. The State.]

sion offered to pay him $10 per month, and furnish him all the beer and whisky he could drink, if he would protect the defendant in carrying on his unlawful business of selling prohibited liquors in violation of the prohibition laws, and would not arrest him, etc. The witness testified that the defendant, on this occasion, paid him $5 on this account, which money he carried and turned over to the city attorney the same night it was paid to him, and the next week the defendant paid him an additional sum of $2 on the same account.

The defendant testified, in substance, that on the occasion when Jack Grayson and the officer, Stallings, came to the defendant's place of business one Jim Ivey and others were present, and that the marshal bought some "beerette" from the defendant, but that he (the defendant) paid no money to the marshal, and that nothing whatever was said or done by him looking to bribing the officer, or offering to influence him in the discharge of his official duties. Jim Ivey testified as a witness for the defendant; and his testimony tended to corroborate the defendant's statement as to the occasion he and others were present at the defendant's store when Stallings and Grayson were there also. The witness Stallings testified that the defendant's witness Ivey was not present at the defendant's store on the occasion in question when he and Grayson were there, and the money was paid by the defendant. Grayson was not examined as a witness in the trial of the case. A showing for an absent witness as to the general bad character and the bad character for truth and veracity of the witness Stallings was introduced in evidence by the defendant, and the state introduced a number of witnesses, who testified to the defendant's general bad character, and also that his character for truth and veracity was bad.

The court's action in allowing the witness Stallings to state where he went, and what he did with the $5 after it was paid to him by the defendant, was free from error. It was for the proper purpose of making a connection between the testimony of this witness and the witness Rayburn to identify the money (silver dollars) subsequently introduced in evidence.

The note handed to the witness Stallings by the defendant was properly permitted to be introduced in evidence in connection with the witness Stallings' testimony, as, in that connection, the note upon its face contained incriminating matter tending to show defendant's guilt of the offense charged. The gravamen of the charge is the corrupt solicitation or attempt to influence a public officer, and some latitude must be allowed in the range of the evidence admitted when such a question is involved; and evidence of acts similar to the one relied upon, intimately and directly connected with the particular accusation, is relevant, and forms part of the same transaction, and is material to illustrate the knowledge and intent with which the particular act was committed, and rebut inferences of any honest intent or purpose. The *intent* (to corruptly influence a public officer in his official action) is a material constituent of the crime charged; and the general rule that the prosecution will not be allowed to introduce evidence of other distinct offenses, for the purpose of showing the accused guilty of the offense specifically charged, does not apply, when it is material to the inquiry to show the intent with which the act charged was committed. —*McDonald v. State,* 83 Ala. 46, 3 South. 305; *Gassenheimer v. State,* 52 Ala. 313; *Ingram v. State,* 39 Ala. 247, 84 Am. Dec. 782.

The defendant's objection to the testimony of the witness Stallings in reference to the $2 paid to him by the

defendant is not well taken for the same reasons discussed and pointed out in considering the court's action in admitting the note. The evidence was corroborative and relevant to the main issue involved.

The United States internal revenue license introduced in evidence was issued to the defendant as a retail liquor dealer, and was shown to have been taken from his place of business, where he paid the money to the officer, and covered the period in question. Proof that the accused had such a license possessed some probative force to show that he was engaged in the business of illegally selling liquor, and therefore was relevant as tending to show a motive for committing the offense charged. Such license, when relevant, is admissible in evidence without the aid of a statute authorizing it.—2 Woollen & Thornton's Law of Intoxicating Liquors, § 972, and authorities there cited in note 32 on page 1729.

The five silver dollars and letter given to the witness Stallings by the defendant, and introduced in evidence, were properly identified, and their admission was free from error.

The suggestion made to the state's counsel by the court, "You might introduce the sheriff to identify the package" (having reference to the package containing the five silver dollars and revenue license which the sheriff had brought into court from the bank by request of the state's counsel), was not improper, and would not constitute reversible error. No objection had been made by the defendant, based on a failure of the state to show that this money and license was the same as testified to by the state's witness Stallings as having been received from the defendant or taken from his possession, and no prejudice to defendant could have resulted from the remark. Casual remarks made by the

court to counsel in the course of the trial, not addressed
to the jury, though within their hearing, not intended
as rulings upon questions of law, are not the subject of
review.—*Meinaka v. State,* 55 Ala. 47; *Campbell v.
State,* 55 Ala. 80; *Schieffelin v. Schieffelin,* 127 Ala. 14,
28 South. 687.

It was not improper to show by the witness Ivey that
he had been convicted of an assault with an intent to
murder.—Code, § 4009. His conviction of a felony af-
fected his credibility as a witness.—*Deal v. State,* 136
Ala. 52, 34 South. 23; *Gordon v. State,* 140 Ala. 29, 36
South. 1009; *Wells v. State,* 131 Ala. 48, 31 South. 572;
*Murphy v. State,* 108 Ala. 10, 18 South. 557; *Wingate v.
State,* 1 Ala. App. 40, 55 South. 953.

Overruling the objection to the question asked the
witness Ivey, "There was a right smart liquor out at
the cabin, wasn't there?" if error, was not prejudicial
to the defendant, as the evidence elicited could not have
been injurious to the defendant; for the witness an-
swered, "There was not."—*Cooper v. Slaughter,* 174
Ala. 57 South. 477.

The questions asked the witnesses Ivey and Stallings
about the occasion when a Mrs. Haygood was at the de-
fendant's place, and Ivey was arrested, were properly
allowed to identify the time as being a different occa-
sion from that when Stallings and Grayson were there,
and the $5 was paid by the defendant to Stallings, as
testified by Stallings.

It was proper to show the state of feeling existing
between the prosecuting witness Stallings and the wit-
ness Ike Vaughn, who had testified, in a showing intro-
duced by the defendant, to the character of Stallings;
and the court committed no error in allowing this evi-
dence.

[Roden v. The State.]

The witness Carter was shown to have a sufficient knowledge of the defendant's handwriting to testify to the resemblance of the signature on the note. It was not necessary to prove the signature to make the note admissible, as the state's witness had testified that it was handed to him in person by the defendant, and the paper was admissible without reference to its having been signed by the defendant.

The statement of the solicitor in argument, that "not a man has taken the stand and stated that Stallings had failed to do his duty," did not exceed the limits of legitimate argument; nor was it an unauthorized inference drawn from the evidence. The defense had introduced evidence of the character of the officer, seeking to impeach him, and his official action was an issue in the case and a legitimate subject of discussion. The statement amounted to no more than an inference drawn from the evidence that the character of the officer had not been impeached by the testimony. Every legitimate inference deemed by counsel as arising out of the testimony is a proper subject of criticism and discussion — *Lide v. State*, 133 Ala. 43, 63, 31 South. 953; *Cross v. State*, 68 Ala. 476; *Mitchell v. State*, 114 Ala. 5, 22 South. 71.

The defendant's motion to exclude the evidence, and the different written charges based on an alleged variance, because the name of the officer alleged in the indictment to have been bribed, or attempted to be bribed, was averred to be "W. B. Stallings," when the proof showed that his name was "Willie Bell Stallings," or "Willie B. Stallings," or "Will Stallings," were properly refused. The witness testified to the names set out as his Christian names, but also testified that some called him "W. B.," and, although these letters were only initials of the true Christian names, yet the per-

son was sometimes called and known by these letters, and there is no substantial variance. The description of third persons in an indictment by the use of the initials of the Christian names is sufficient. Especially is this true if the identify of the person is established by an additional descriptive averment, as in this case, where the person was described as "the marshal of the town of Guntersville."—*Thompson v. State,* 48 Ala. 165; *Franklin v. State,* 52 Ala. 414; *Lyon v. State,* 61 Ala. 224; *Sewell v. State,* 82 Ala. 58, 2 South. 622; *Crittenden v. State,* 134 Ala. 152, 32 South. 273; *Knight v. State,* 147 Ala. 104, 41 South. 911.

Charges Nos. 11, 12, 13, and 14 go to the insufficiency of the allegations of the indictment in not averring the Christian name of the marshal, Stallings, or are based on a variance because of the indictment containing only an averment by initials of the Christian name, and need not be discussed seriatim, as, from what we have said, it will be seen that the court's ruling in refusing these charges is free from error.

The evidence was in conflict, and there was sufficient testimony of the defendant's guilt of the offense charged, if believed, to authorize a conviction, and the general charge was properly refused.

Charge No. 16 is misleading and argumentative. Other evidence of the state, not conflicting with the defendant's evidence, should be considered by the jury in arriving at a verdict. The charge bases an acquittal on a part of the evidence, and invades the province of the jury in assuming as a fact a weakness in the testimony of the state.

Charge No. 17 singles out and gives undue prominence to a part of the testimony. The proposition sought to be given in an instruction by this charge (that the fact that the state's witness had been convict-

ed of murder in the second degree could be looked to as a circumstance in saying what weight the jury would give his evidence) is substantially covered by given charge No. 10.

Charge No. 18 bases a reasonable doubt upon a consideration of the evidence in conflict alone. A reasonable doubt must grow out of a consideration of all the evidence; and charges properly stating the law on this subject were given at the instance of the defendant.

Charge No. 19 is incomplete.

A careful examination of the record fails to show reversible error, and the judgment of the court below will be affirmed.

Affirmed.