[Finley v. The State.]

# Finley *v.* The State.

*Resisting Officer.*

(Decided April 23, 1913.   62 South. 265.)

1. *Obstructing Justice; Indictment; Variance.*—The fact that an indictment for resisting an officer charged the officer's name to be James H. McKenzie, a deputy sheriff of Mobile county, while the evidence showed that his name was J. H. McKenzie, a deputy sheriff of M. county, did not constitute a fatal variance.

2. *Evidence; Res Gestae.*—Where it appeared that the whole transaction was a continuous one, it was competent to show that defendant continued to resist arrest after being taken into custody, by witnesses who had assisted in finally arresting defendant for the original offense after he had shortly before resisted arrest by the officer, all such matters being of the res gestae.

3. *Disorderly Conduct; Evidence; Sufficiency.*—Where it appeared from the other evidence that the female in whose presence the defendant used profane language was a woman, it cannot be said that evidence that the defendant used profane language in the presence of a female, was not admissible.

4. *New Trial; Criminal.*—Rulings on a motion for new trial in a criminal case are not reviewable on appeal.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

John Finley was convicted of resisting an officer; and he appeals.   Affirmed.

GORDON & EDDINGTON, for appellant.   Counsel discuss errors relative to the admission and exclusion of evidence, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   Counsel insist that there was no error in the record, and that the cause should be affirmed.   They cite no authority.

PELHAM, J.—The name of the officer alleged in the indictment to have been resisted appears as *James* H.

11 CA

McKenzie, and he is described in the indictment as a deputy sheriff of Mobile county, Ala. The evidence introduced on the trial showed that the officer who was resisted was J. H. McKenzie, and that he was deputy sheriff of Mobile county, Ala. The identity of the officer was supplemented and established by the descriptive averment that he was a deputy sheriff of Mobile county, Ala.; there was no dispute on the trial of the identity of the party; and this did not constitute such a variance as to entitle the defendant to the general charge.— *Knight v. State,* 147 Ala. 104, 41 South. 911; *Sewell v. State,* 82 Ala. 57, 2 South. 622; *Franklin v. State,* 52 Ala. 414; *Roden v. State,* 5 Ala. App. 247, 59 South. 751.

The entire transaction from the time the state's witnesses testified to the defendant's having committed an offense in the presence of the deputy sheriff up to the time his arrest was finally effected is shown by the evidence to be but one continuing occurrence or transaction, and evidence of the defendant's actions and statements during this period was competent evidence and relevant as having a tendency to establish his guilt or innocence of the offense charged. The conduct of the defendant during this period and what he said would be explanatory of his conduct or actions in resisting arrest.

It was entirely competent to show by the witness Lynch that the defendant continued to threaten and to refuse to submit to arrest after being taken into custody by this witness, who, as a deputy sheriff, had assisted in finally arresting the defendant for the original offense with which he was charged, after he had shortly before resisted arrest at the hands of deputy sheriff McKenzie. This was so closely and intimately connected with the whole transaction as to form a part of

it. The evidence introduced in rebuttal by the state, to which objection was made, was clearly competent as being in rebuttal of matters brought out in the evidence by the defendant.

It sufficiently appears from other portions of the testimony that the "female" in whose presence the defendant used profane or abusive language was a woman, and there is no merit in the defendant's contention that he was entitled to the general charge because one of the witnesses used the word "female" in designating the presence in which the language was used. There was sufficient evidence to show that the defendant committed an offense in the presence of the arresting officer, and that the defendant knew he was an officer and with this knowledge resisted arrest, and the court properly submitted the question of the defendant's guilt to the jury.

The rulings of the court on the defendant's motion for a new trial are not reviewable here.—*Herndon v. State,* 2 Ala. App. 118, 56 South. 85.

We find no error in the record and the case will be affirmed.

Affirmed.