165 So. 840

### GROSS v. STATE.
### 8 Div. 654.

Supreme Court of Alabama.
Feb. 20, 1936.

Milo Moody, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., and Proctor & Snodgrass, of Scottsboro, for the State.

165 So. 839

**THOMAS, Justice.**

The indictment was for murder in the first degree. The punishment fixed by the jury was imprisonment for life.

Defendant's counsel present no question as to the regularity of the proceedings to trial. It is declared that an indictment should set forth the Christian name of the defendant and not use initials, and, when initials only are used, the indictment is subject to plea in abatement, unless it is further alleged in the indictment that the name of the accused was otherwise unknown to the grand jury than as alleged; that the use of initials instead of the Christian name of the person alleged to have been slain does not render the indictment subject to demurrer or to plea in abatement or create such a variance as will authorize the direction of the verdict for defendant. Jones v. State, 181 Ala. 63, 61 So. 434; Franklin v. State, 52 Ala. 414; James Knight v. State, 147 Ala. 104, 41 So. 911. We find no error in the record proper.

It is next insisted by appellant's counsel that the trial court committed error in allowing an answer to the question: "What, if anything, did Frank Gross say to Otis Davis there on that occasion?" It was in proximity as to the time and place of the homicide, and in the nature of a preparation therefor. The corpus delicti being shown, circumstantial evidence was permissible, tending, as it did, to connect the defendant therewith. We find no error as to this ruling of the trial court.

We have examined the entire record and evidence, and are of the opinion that there was no error in not setting aside the verdict (Clements v. Hodgens, 210 Ala. 486, 98 So. 467). There was ample evidence on which the jury might have rested the guilt within the rule that obtains.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.